## John R. Mason *v.* John M. Moody et al.

No precise form of words is necessary to constitute a mortgage.

All contracts for the security of money by the conveyance of real or personal estate will, in equity, generally be held as mortgages.

A deed absolute upon its face will be holden as a mortgage, if such appear to be the clear and certain intention of the parties. Such intention may be shown by an agreement in a separate instrument contemporaneously or subsequently executed. *Held,* that where there is an absolute sale of property in payment of a preëxisting debt, no mortgage is created.

In error from the northern district chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

John R. Mason, as surety for Wilkins, executed jointly with him, his bond to Moody for $3,650; and on the          day of          184 , he (Moody) executed his promissory note to Wilkins for $2,750. In December, 1847, an attachment was sued out on said $2,750 note, for the benefit of Wilkins's wife, and was levied on Mason's negroes, in the State of Alabama. In January thereafter, Mason went to Alabama for the purpose of making some arrangement to have his negroes released from said attachment. Moody accompanied him, in order to see both Mason and Wilkins (who was then living in Alabama) at the same time, in reference to the payment of the $3,650 bond, which he held against them. While there, on the 17th day of January, 1848, a general settlement took place between the parties; and there was found to be due on $2,750 note, the sum of $1,192.94. The $3,650 bond was credited with that sum, and $800 allowed by Moody to Wilkins for a seamstress,

Mason *v.* Moody et al.

and $500 allowed him for a match of horses, making in all the sum of $3,492.94, which was indorsed as a credit on said bond; and the bond to that extent was fully paid off and discharged; at the same time the bill of sale for the negroes was executed. At the same time, it was agreed that Mason should have the privilege of redeeming the slaves at some fixed period.

*W. L. Harris* for appellant.

The testimony exhibits, it is believed, every test indicating a mortgage. 7 Ala. R. 724. The relation of debtor and creditor existed before the alleged sale. The transaction commenced in a proposition to indulge Mason, by taking his note from Wilkins, and releasing the negroes from attachment. There was great inadequacy of price. The vendor continued bound for the debt, and Moody held the old note. 7 Ala. R. 724; 9 Ib. 33; 13 Ib. and 16 Ib.

*Sykes* and *Evans* for appellees.

The difference between a mortgage and a conditional sale is, that the former is a security for a debt, and the latter is a purchase for a price paid, or to be paid, to become absolute on a particular event; or a purchase, accompanied by an agreement to resell upon particular terms. 9 Ala. 33. The want of a covenant to repay the money is not complete evidence that a conditional sale was intended, but is a circumstance of no little importance. If the vendee must be restrained to his principal and interest, that principal and interest ought to be secure. 7 Ala. 33. In this case, although the obligation to resell was simultaneous with the purchase, it was considered by the court to be a conditional sale. It is well said, in this case, that the want of a covenant to repay the money is a strong circumstance to prove a conditional sale.

There was no obligation on the part of Mason to repurchase, no debt against the person, but it was optional with him to repurchase or not in the time agreed on. Hence it is evident, that Moody risked their lives; had they died, his money would have been gone, and Mason never would have thought of exercising his privilege. 5 Leigh, 437.

16 *

Mason *v.* Moody et al.

If the agreement be subsequent and independent, that the grantee will reconvey upon repayment of the purchase-money, it does not convert the first deed into a mortgage. 7 Watts, 401; 4 Kent, 143, and note on 144.

Mr. Chief-Justice SMITH delivered the opinion of the court.

The material question in this case is whether a bill of sale, absolute upon its face, by which the appellant conveyed to the defendant Moody certain slaves, is to be treated as a mortgage, or held to be an absolute sale.

It appears from the proofs in the cause, that Moody held the joint bond of the appellant, and the defendant, Lavender Wilkins, for $3,650. At the same time, Wilkins, who was the principal in the bond, held the note of Moody for $2,750, upon which several payments had been made, reducing the amount due upon it to $1,192.94. Wilkins had assigned this note to a citizen of Alabama, who caused an attachment to be issued upon the note, which was levied upon the slaves, afterwards conveyed to Moody. The attachment was issued and levied in Washington county, Alabama, whither Mason and Moody went at the same time; the latter to see Wilkins, in reference to the payment of his bond, and the former to extricate his slaves from the attachment. Whilst there, it was agreed between Moody, Mason, and Wilkins, that Moody should purchase the slaves from Mason. This was done, and the price agreed on was the balance due on Mason's note to Wilkins, and, by the agreement of all the parties, the payment was to be made by giving credit, for the amount of the price, upon the bond of Wilkins and Mason. This was accordingly done, and Moody received from the latter the bill of sale under consideration. At the same time, however, and before separation, Moody agreed in writing, that Mason should have the privilege of repurchasing the slaves at the same price at which he had sold them. The agreement was voluntary and without consideration. No offer to repurchase the property was ever made by Mason. The period fixed for the repurchase or redemption, had expired before the filing of the bill, and no offer is made in the bill to bring the money into court.

It appears to us evident, that, under this state of facts, the transaction should not be held to constitute a mortgage, but an unconditional sale.

No precise form of words is necessary to constitute a mortgage; and, generally, all contracts for the security of money, by the conveyance of real or personal property, will, in equity, be holden as such.   7 Johns. Ch. R. 40.   A deed absolute upon its face, will be holden as a mortgage, if such appear to be the clear and certain intention of the parties.   4 Kent's Com. 142. And such intention may be shown by an agreement in a separate instrument, contemporaneously or subsequently executed.   4 Kent's Com. 141; *Clark* v. *Henry*, 2 Cow. R. 324; 12 S. & M. R. 306; 13 Ib. 440.   But in the case before us, even if it were conceded that the promise in writing, by the terms of which Mason was to have the privilege of repurchasing the slaves, was obligatory upon Moody, we would not be warranted in holding that the sale was conditional, or that it constituted a mortgage, as the proofs distinctly show that the transfer of the slaves was not made for the purpose of securing the payment of money, but an absolute sale in payment of a preëxisting debt.   Let the decree be affirmed.