## G. W. WALKER v. E. McDONALD ET AL.

CONDITIONAL SALE—PAROL EVIDENCE TO EXPLAIN WRITING—
TRUSTS.—Sale was made of land under a trust deed executed by
husband and wife. The purchaser, after the sale, executed to the
makers of the trust deed an instrument promising to reconvey said
land to them on their payment to him of a sum and at a time
named,—the instrument providing that on failure to pay by the
time named, the obligation should be void. Payment was not made.
The purchaser sold his right to plaintiff, who brought suit against
lessees of the makers of the trust deed for possession of the land:
*Held*—

1. Parol testimony was admissible to show the real intent of
the parties to the defeasance.

2. It was error in the court below to exclude testimony offered
to explain the defeasance.

3. Error in the court below to hold that the defeasance needed
no explanation, and was evidence of a trust or mortgage.

4. See an instrument susceptible of explanation to be either a
mortgage or conditional sale.

APPEAL from Comal. Tried before before the Hon. George
H. Noonan.

The facts are fully stated in the opinion.

*Hancock, West & North*, for appellant.

I. The court erred in deciding, upon the facts in evidence,
that appellant's title was not good, and in holding that appel-
lees were legally in possession of the land. (Walker *v.* John-
son, 37 Tex., 129; Wright *v.* Henderson, 12 Tex., 43; Mann
*v.* Falcon, 25 Tex., 276.)

II. The court erred in excluding the deposition of Fokes,
and the exhibits attached to it, explaining the intention of the
parties on making the so-called defeasance to Weir and wife.
(Cox *v.* Bray, 28 Tex., 247; Smith *v.* Garrett, 29 Tex., 53;
Hogan *v.* Crawford, 31 Tex., 635; Gibson *v.* Fifer, 21 Tex.,
263; Carter *v.* Carter, 5 Tex., 100; Stampers *v.* Johnson, 3
Tex., 1; 10 Tex., 243; Holt *v.* Ross, 1 Pet., 420; 13 Ves.,
228; 3 Humph., 644; Southard *v.* Pope, 9 B. Monr., 264;

Hurst v. McNeal, 1 Wash., 70; Eldridge v. See Yup Co., 17 Cal., 45; Huff v. Earl, 3 Ind., 306; Okison v. Patterson, 1 Watts & S., 395; Smith v. Smith, 27 Penn., 180; Barnett v. Dougherty, 32 Penn., 371; Gilbert v. Carter, 10 Ind., 16; Brown v. Combs, 5 Dutch., 36; Selden's Appeal, 31 Conn., 548; Attorney General v. Merrimac Co., 14 Gray, 586; Lewin on Trusts, ch. 1, marg. p. 15; Id., ch. 9, marg. pp. 110–128, 132; Hill on Trustees, (ed. of 1867,) pp. 156, 157, and notes; Bouv. Law Dict., word "TRUSTS"; 3 Pars. Const., p. 383 to 386; 2 Story's Eq., (11th ed.,) 776, note 1a; 13 Ala., 241; 26 Miss., 184; 19 Wend., 518; 2 Barb., 28.)

*Simpson & James*, for appellees.

I. The court decided correctly that appellant held only a mortgage upon the land, and that appellees were rightly in possession. (2 Story's Eq. Jur., secs. 1018, 1019; 2 Wash. on Real Prop., pp. 6, 45; 4 Kent's Comm., pp. 142, 144; Stephens v. Sherrod, 6 Tex., 297, 301; Buchanan v. Monroe, 22 Tex., 541; Henry v. Davis, 7 Johns. Ch., p. 40; 1 Vernon, p. 191; 1 Eden, p. 59; 2 Eden, p. 113; Colwell v. Woods, 3 Watts, 196.)

II. The court properly excluded the deposition of R. B. Fokes, with exhibits attached, because it was offered only to explain to the court a written obligation that was unambiguous. (1 Greenl. Ev., sec. 275; Self v. King, 28 Tex., 553, 554; Reid v. Allen, 18 Tex., 248; Epperson v. Young, 8 Tex., 135; Callison v. Gray, 25 Tex., 87; Rockmore v. Davenport, 14 Tex., 604; Heatherly v. Record, 12 Tex., 50; Kunkle v. Wolfersberger, 6 Watts, 130; Colwell v. Woods, 3 Id., 188, 196; 1 Hillyard on Mortgages, ch. 5, secs. 3–5.)

III. Fokes' deposition, even if admitted, could not have changed the result of the suit.

GOULD, ASSOCIATE JUSTICE.—Appellant, claiming to be the legal owner of 2,280 acres of land, valuable mainly for the guano in a cave inhabited by bats, brought suit against the

appellees to recover possession, and to enjoin them from removing the guano. The land was the separate property of Mrs. S. E. Weir, who, joined by her husband, Henry Weir, gave a deed of trust thereon to secure the payment of $1,000 to one Firebough, and at a sale regularly had under said trust deed on March 7, 1876, J. R. Fokes became the purchaser for the sum of $802, (that being about the balance of the debt then unpaid,) and received an absolute conveyance from the trustee. On the same day said Fokes executed the following instrument:

"THE STATE OF TEXAS, }
  "*County of Bexar.* }

"Know all men by these presents, that whereas on this the 7th day of March, 1876, the following-described land was sold at trustee's sale, viz., 2,280 acres, more or less, situated on the waters of the Cibolo, in Comal county, Texas, fifteen miles west of New Braunfels, headright of Toribio La Sago, which sale was made by W. B. Leigh, trustee under a deed of trust executed by H. and S. E. Weir in favor of W. H. Firebough, and whereas said land was bought by me, and the deed will be made to me, but really in trust for the said H. and S. E. Weir: Now, therefore, should the said H. and S. E. Weir repay me by the 7th of September next the amount of the purchase-money paid by me, $802 and costs, with interest from date at the rate of one and a half per cent. per month, principal and interest, and also $185 with interest at eight per cent. per annum, principal and interest, in United States currency, I hereby bind myself, my heirs, and legal representatives to reconvey to the said H. and S. E. Weir the above-described property, and in case of default in complying with this agreement, then this obligation is to become void and of no effect.

"Witness my hand this day and date first above written.
        (Signed,)                    "B. R. FOKES.
"Witnesses: W. R. Wallace, Geo. M. Gordon."

On July 13, 1877, Fokes conveyed the premises by quit-

claim deed to appellant Walker, the consideration recited being $1,075.

The defendants, McDonald and others, held under a lease from Henry Weir, of date January 25, 1877, giving the right to excavate and export the guano from the bat cave for two years from March 1, 1877; and answered, claiming that Fokes bid off the land in pursuance of an agreement with Henry Weir, that he should bid the amount due, and take a deed from the trustee to secure to him the repayment of said sum of $802 and the further sum of $185; that the sole interest of Fokes was that of mortgagee; that the actual possession and control of the premises had after the sale remained with Weir and wife; and alleging that Mrs. Weir (her husband having died) had tendered to Walker the principal and interest of the claim secured by the (alleged) mortgage, but that Walker had refused to receive it.

Walker, in an amended petition, denied that Fokes purchased in pursuance of any agreement, claiming that he purchased absolutely for himself, and afterwards voluntarily, and without any consideration therefor, executed the instrument giving the right to repurchase within the time specified, but not thereafter; and that it was so understood by Fokes and Weir and wife; and that it was only after the failure of Weir and wife to comply with the terms on which they were to repurchase, and after the death of Weir, and on information that Mrs. Weir had abandoned the idea of repurchasing, that he bought of Fokes; stating further, that the only tender made was to him after he had purchased.

A jury was waived, and, no other evidence being admitted save the title papers, the cause was submitted to the court, resulting in a judgment in favor of defendants. It appears, by bill of exceptions, that the plaintiff offered in evidence the deposition of Fokes and sundry letters, some from Weir after the trust sale, for the purpose of explaining the transaction and showing the understanding of the parties in regard to the agreement for a reconveyance; but the court, on objec-

tion, excluded said evidence, holding that the purport and legal effect of the instrument entitled a.defeasance was apparent, and needed no explanation. If, upon the face of that instrument, it was free from ambiguity, and, taken in connection with the deed from the trustee, its legal effect was to make Fokes a mere mortgagee, then the court did not err in its judgment or in the exclusion of evidence. (1 Hilliard on Mort., ch. 5, sec. 25; citing 6 Watts, 130.) But in our opinion the instrument is ambiguous, and may show, according to the circumstances and the intention of the parties, a mortgage to secure money advanced, or a conditional sale or agreement to resell. These transactions are so nearly allied, that it is often difficult to distinguish them, and their real character is frequently determinable only by looking behind the form given to the contract, to the real object and intention of the parties, as construed by the law, under all the circumstances. (Ruffier *v.* Womack, 30 Tex., 339; Gibbs *v.* Penny, 43 Tex., 560.) The Pennsylvania cases, holding that where there is an agreement to reconvey the transaction is a mortgage, independently of evidence that it was security for a loan, and that parol evidence was inadmissible to disprove this presumption, are in opposition to the current of authority. (3 Leading Cases in Equity, p. 641.) On the face of the papers, it does not appear that the real transaction was a mere loan of money, to be repaid, and that the deed was taken by Fokes to himself in pursuance of an agreement to secure him the return of his money. The trust referred to in the instrument as affecting the deed to Fokes, may have been merely to permit a repurchase within the time specified; and if there was an agreement previous to the trust sale, such may have been its real purport. The legal effect of the deed from the trustee, and of the agreement to reconvey, is *prima facie* not to create a mortgage, but to vest the property in Fokes absolutely, subject to the right of Weir and wife to a reconveyance on compliance with the terms stipulated. If, on developing all the circumstances, it appears

that Fokes purchased in pursuance of an agreement which contemplated the repayment of the money, not merely at the option of Weir and wife, but at all events, then certainly he was a mere mortgagee. Equity leans towards construing the transaction into a mortgage, "but it will not do violence to the understanding of the parties for the sake of converting it into a mortgage." (3 Lead. Cas. in Eq., pp. 641, 642; Glover *v.* Payn, 19 Wend., 518; Mason *v.* Moody, 26 Miss., 184.)

The question as to the nature of the transaction in this case was one of fact and intention, and the court erred in excluding evidence of the circumstances attending it, and of the acts of the parties showing how it was regarded by them. The depositions of Fokes and the letters offered were erroneously excluded; and without undertaking to pronounce on the effect of that excluded evidence, we are of opinion that its exclusion was such error as entitles appellant to another trial.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.