## Dixon *v*. Wright.

(Division B.  Mar. 9, 1936.  Suggestion of Error Overruled, April 6, 1936.)

[166 So. 374.  No. 32091.]

**John E. Stone** and **D. C. Enochs,** both of Jackson, for appellant.

**Horton & Sanders**, of Jackson, for appellant.

**L. F. Easterling** and **J. E. Skinner,** both of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed his bill against appellant in the chancery court of Hinds county to cancel a deed executed by him to appellant on the twenty-eighth day of March, 1931, to certain real estate situated in the city of Jackson; to have the deed, in connection with a contemporaneous written agreement, declared to be a mortgage; for an accounting as to the amount due by him under the mortgage; and for an opportunity to pay the same. The cause was heard on original bill, answer, and proofs, resulting in a decree as prayed for. The decree appointed a master for an accounting, and granted an appeal to settle the principles of the cause.

Section 3351, Code of 1930, is in this language: "A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried."

The deed involved, leaving off the caption, signature, acknowledgment, and description of the property, reads as follows: "For and in consideration of $100.00 to me cash in hand paid, receipt of which is hereby acknowledged, and for the assumption of the balance of indebtedness due the Magnolia Building & Loan Association on the after described property, and the assumption of pavement and sewer notes falling due after this date, I, the undersigned Hiram M. Wright, Jr., hereby sell, convey and warrant unto John W. Dixon, the following described land and property, situated in the City of Jackson, First Judicial District of Hinds County, Mississippi, to-wit: . . . It being intended to convey hereby all of the property conveyed by me in trust to the Magnolia Building & Loan Association as described in the deed of trust of record in Book No. 178 at page 302 of the Records of Deeds of Trust in the office of the said Chancery Clerk. Grantee assumes the payment of taxes for the year 1931."

The contemporaneous written agreement, which was executed in duplicate, leaving off the caption, description of the property, and signatures, follows:

"This agreement entered into this the 28th day of March, A. D. 1931, between John W. Dixon and H. M. Wright, witnesseth:

"That for and in consideration of the payment of $200.00 to the Magnolia Building & Loan Association, of Jackson, Mississippi, and the assumption of the balance due on the deed of trust on the after described property, and the option and occupancy agreement herein contained, by John W. Dixon, and the payment to Wright of $100.00.

"Hiram Wright agrees to pay all taxes, assessments, and sewer, sidewalk and paving notes now due, and to execute a conveyance to John W. Dixon of property described as: . . .

"Hiram Wright may have possession of the garage on

said above described premises, and possession of the North house thereon, known as 811 Rose Street, with the right to occupy or lease the same, for a period of one year after the date of this agreement.

"Hiram Wright also has the option to purchase all of the above described property within 18 months after the date of this agreement at a reasonable price."

In his bill appellee tendered no amount. There was no allegation as to what was a reasonable price of the property. He proceeded on the idea that he was indebted to appellant in the amount of the indebtedness against the property and the costs of any permanent improvements made by appellant, with interest, with credit for rents received by appellant from the property, and that his conveyance of the property to appellant by the deed of March 28, 1931, and the contemporaneous written agreement executed therewith, constituted a mortgage to secure that indebtedness.

It will be observed that the last clause in the contemporaneous agreement provides that appellee shall have the right to repurchase the property "within eighteen months after the date of this agreement at a reasonable price." Appellee contends that "a reasonable price" meant the indebtedness against the property, and interest, with the rent credits; and the chancellor took that view. There is no ambiguity about the phrase "a reasonable price;" it meant a reasonable price at the time of the repurchase by appellee. The testimony of Mr. Calhoun, the lawyer employed by both parties to draw up the deed and the repurchase agreement, which is without substantial contradiction, shows that the parties so understood it. He testified, in substance, that they had agreed on a repurchase when appellee became able, and he at once suggested the question as to what the price should be, that it ought to appear in the contract, and appellant thereupon stated that he did not want any such provision in the contract, "that he would do the

right thing," and that, if appellee became able to re-purchase the property, they would doubtless have no trouble in agreeing on the terms; that appellee then stated that he acceded to appellant's views. Mr. Calhoun testified that he informed them that the repurchase clause as provided in the contract was worthless, but still they wanted it that way.

With appellant's consent, appellee occupied the garage and the house known as 811 Rose street for more than a year and then moved out. Possession of the entire property, however, was delivered to appellant at the time of the execution of the deed and agreement. Appellee's occupancy of part of it for something over a year was as appellant's tenant, not under any claim of ownership.

It was not within eighteen months after the conveyance and agreement that appellee made a move to assert the rights he claims, but more than two years thereafter, and in this manner: The Congress had provided for the organization of the Home Owners Loan Corporation; appellee made application to the Jackson branch of that organization for a loan in a sufficient amount to discharge all lien indebtedness against the property. Before the corporation would proceed, it required the consent of appellant and also of the building and loan company which held a mortgage against the property. Appellant refused to give his consent.

There is no allegation in the bill that the deed and agreement were obtained through fraud, therefore section 3351, barring parol evidence to show that they constituted a mortgage, applies with full force and effect. The option to repurchase within eighteen months is what is given by the agreement; the absolute right to repurchase is not given.

We know of no better definition of a mortgage than that given in Magee v. Catching, 33 Miss. 672. The court there said that the essence of a mortgage was that it

stood as security for a debt which the mortgagor remained under legal obligation to pay, and, whenever no such obligation existed, an agreement to reconvey the property would not be a mortgage, but a mere privilege of repurchase. That definition is sustained by the authorities generally. 41 C. J., p. 326, sec. 88, where this language is used: "Where a deed is made for a consideration paid at the time, whether the payment is made in cash or by the surrender and satisfaction of a precedent debt, an agreement on the part of the grantee to allow the vendor to repurchase the property at a future day, for the same or an advanced price, does not convert the transaction into a mortgage." See, also, Mason v. Moody, 26 Miss. 184; Prewett v. Dobbs, 13 Smedes & M. (21 Miss.) 431.

The contract to repurchase was not binding on the part of appellee; it was purely optional; he was under no binding obligation to pay appellant any fixed sum for the property; in other words, there was no indebtedness existing between them. We are of opinion, therefore, that the deed and the agreement did not constitute a mortgage, but only an optional contract to repurchase, the option to be exercised within eighteen months.

Construing the deed and agreement together, if there were any ambiguity, parol testimony might be admissible to explain what was meant, but there is no ambiguity.

Reversed and remanded.