## HORNER vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and others.

DEED: CONDITION SUBSEQUENT: RIGHT OF RE-ENTRY. (1) *The case stated:* 1st. *Parol evidence admissible as to consideration.* 2d. *Words showing sole purposes of grant treated as stating condition subsequent.* 3d. *What constitutes a breach. Title revested in grantor on re-entry.* 4th. *Several parcels granted in one deed, with several conditions; breach of one condition affects but one parcel.* (2) *Construction of conveyance.*
JUDGMENT IN EJECTMENT. (3) *When it may be joint against all defendants.*

1. A deed of land to a railroad company (reciting a consideration of one dollar) conveyed one parcel " *only* for depot and other railroad purposes," and another parcel, adjoining the former, "for a railway," and recited that both parcels were " granted *solely* for said road purposes." These words are in the granting clauses, and the *habendum* clause is, " unto the said party of the second part and to its assigns *forever.*" In ejectment for said parcels of land, it was shown by parol evidence, against objection, that no money was paid for the land, and that the only consideration for the conveyance was the condition that the railway depot should be erected on the land, the effect of which the grantor believed would be to enhance the value of her other lands in the vicinity, for building purposes. *Held,*

(1) That parol evidence as to the consideration was properly admitted, to aid in the construction of the deed.

(2) That the words showing the sole purposes for which the grants were made, must be construed as stating *conditions subsequent.*

(3) That a failure to use the first described parcel for depot purposes (evidenced by the erection and maintenance, by the grantee and its successors, of the depot for that locality eighty rods distant from such parcel, and separated from it by a mill pond) was a substantive breach of the condition on which such parcel was granted; and, the grantor having made re-entry for such breach, the title revested in her.

(4) That the first condition named in the deed has no application to the second parcel of land described; and the grantee having constructed and maintained a railway on such second parcel, its failure to use the first parcel for depot purposes does not work a forfeiture of the second.

2. After her re-entry, said grantor conveyed to plaintiff so much of the eighty-acre tract of which the lands above mentioned were a part,

"as still remains [remained] unsold." *Held*, that by this convey-ance plaintiff took title to the first parcel described in the deed to the railroad company.

3. It being stipulated by all the parties that at the commencement of this action "*the defendants* were in the possession of the premises de-scribed in the complaint," a *joint* judgment may properly be ren-dered against all the defendants for that part of the lands in dispute to which plaintiff has shown title.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover certain lands in the city of Ripon, part and parcel of the W. 1–2 of the N. E. 1–4 of sec. 21, town 16 N., range 14 E. Complaint in the usual form; answer, a general denial.

On the trial the following stipulation of facts, signed by the parties, was read in evidence:

"1. The west half of the northeast quarter of section twenty-one, town sixteen, range fourteen, was granted to Mary Elea-nor Watson, by patent from the United States on the — day of ——, 18—; and the premises described in the complaint in this action are a part thereof.

"2. On the 26th of November, 1864, Mary Eleanor Watson granted and conveyed to the plaintiff herein, as a portion of said premises, the lands and premises described in the com-plaint herein.

"3. At the time of the commencement of this action, the defendants were in possession of the premises described in the complaint.

"4. No railroad depot has ever been built upon the premises in dispute.

"5. On the — day of June, 1854, Mary Eleanor Watson made and executed to the Milwaukee & Horicon Railroad Company the deed recorded in vol. 7 of deeds in the register's office of Fond du Lac county, page 141.

"6. The *Chicago, Milwaukee & St. Paul Railway Company* were in possession of the premises in dispute, at the com-mencement of this action, except that the defendant *Brendt*

occupies a house on a portion of said premises, under said railroad company, and the defendant *O'Ragan* occupies a house on said premises. Said railroad company occupy a part of said premises for a cattle yard for loading cattle. The original railroad depot at Ripon was built by the Milwaukee & Horicon Railroad Company in or about 1857, on the south side of the mill pond, about 80 rods south of the premises in dispute, which stood until about 1864, until the *Chicago, Milwaukee & St. Panl Railway Company* took possession of the road and built a new and the present railroad depot on the same site, at a cost of about $3,000.

"7. The *Chicago, Milwaukee & St. Paul Railway Company* are successors in title and possession to the Milwaukee & Horicon Railroad Company as to the premises in controversy, and subject, as to said premises, to its disabilities and liabilities.

"8. The railroad was completed across the premises in dispute about the year 1857 or 1858.

"9. The original record, or a certified copy, of the deeds above mentioned, shall be offered in evidence to prove their contents.

"10. The above is not to preclude such other proofs as the parties may offer not inconsistent herewith."

The corporate character of the defendant railway company is admitted.

The plaintiff read in evidence the record of the patent from the United States to Mary Eleanor Watson of the W. 1-2 of the N. E. 1-4 of sec. 21, above mentioned, dated October 2, 1840, and the record of a deed of warranty from said Mary to the plaintiff of all of said land "which still remains unsold," being the conveyence mentioned in the second paragraph of the stipulation. On behalf of the defendants, the deed mentioned in the fifth paragraph was read in evidence. It was duly executed and acknowledged by said Mary, and is as follows:

"This indenture made the —— day of June, in the year of our Lord one thousand, eight hundred and fifty-four, between Mary Eleanor Watson and John S. Horner, parties of the first

part, and the Milwaukee & Horicon Railroad Company, party of the second part, Witnesseth, That the said parties of the first part, for and in the consideration of the sum of one dollar to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, have granted, bargained, sold, remised, released, and by these presents do grant, bargain, sell, remise, release and forever quitclaim unto the said party of the second part and to its assigns forever, the following described tract or parcel of land, situated in the town of Ceresco, county of Fond du Lac, and state of Wisconsin, to wit : Commencing at the southeast corner of the west half of the northeast quarter of section number twenty-one (21), in town number sixteen (16) north, of range number fourteen (14) east ; thence running north on the line dividing the east half from the west half of the northeast quarter of said section, twelve rods ; thence west ten rods to a stake : thence south twelve rods to the east and west center line of said section ; thence along said line ten rods to place of beginning (the variation of compass being according to government survey). The aforesaid piece or parcel of land hereby conveyed to the party of the second part only for depot and other railroad purposes. And the aforesaid party of the first part, to the aforesaid party of the second part, does also quit-claim for a railway, a strip of land two and a half rods in width, and one hundred and sixty rods in length, bounded on the east by the line dividing the east half from the west half of the northeast quarter of said section, and commencing at the termination of the first named twelve rods, as above written ; both of said pieces or parcels being granted for said road purposes ; together with all and singular the hereditaments thereunto belonging or in any wise appertaining, and the reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, claims or demands whatsoever of the said parties of the first part, either in law or equity, either in possession or expectancy, of, in and to the above

bargained premises with the said hereditaments and appurtenances. To have and to hold the premises, as above described, with the hereditaments and appurtenances, unto the said party of the second part and to its assigns *forever*."

The plaintiff was permitted to prove, against objection by the defendants, that no money consideration was paid by the railroad company for the land in controversy, but that the only consideration for the conveyance thereof to it by Mary Eleanor Watson was the condition that the railway depot should be erected on the land, the effect of which she believed would be to enhance the value of her other lands in the vicinity.

The plaintiff also introduced evidence tending to prove that before she conveyed to the plaintiff, the said Mary, by her agent and attorney-in-fact, John S. Horner, made re-entry upon the land in controvesy for breach of the alleged condition of the conveyance by her to the railroad company, and held possession of the same or some part thereof until the conveyance to the plaintiff was executed; and that the plaintiff, by the same agent, thereafter retained such possession for several years and until forcibly dispossessed by the defendant railway company.

A jury having been duly waived, the cause was tried by the court, and resulted in a judgment for the plaintiff against all of the defendants for the recovery of all the lands described in the conveyance executed by Mary Eleanor Watson to the railroad company, which are the same lands demanded in the complaint.

From this judgment the defendants appealed.

*A. B. & H. T. Hamilton*, with *John W. Cary* of counsel, for appellants, to the point that the provisions in the deed were not conditions, cited 2 Washb. R. P. (3d ed.), p. 3, pl. 3. In *Rawson v. Uxbridge*, 7 Allen, 125, the devise was of land to a town for a burying place forever, and it was held not to be a condition at common law. So if the supposed condition of an executed grant amounts to an agreement on the part of the grantee to do certain things, it will not be held to defeat the

estate if he fails to perform. *Laberee v. Carleton*, 53 Me., 213. And this point would seem to have been settled by this court in *Strong v. Doty*, 32 Wis., 381. The provision in the deed is but a prohibition. If a condition at all, it could only be a condition subsequent. Such conditions, when relied on to work a forfeiture, must be created by express terms, or by clear implication, and are construed strictly. 4 Kent's Com., 129. And when the reversion is granted by the maker of the condition, the condition is gone forever. 45 Me., 359. 2. The judgment is bad, being a joint judgment against all the defendants. There could have been no judgment of eviction, under any circumstances, as to the piece of land conveyed for right of way. There is no pretense of its misappropriation. 3. The acknowledgment of the receipt of consideration cannot be questioned for the purpose of defeating the contract, unless there be mistake or fraud. *Allen v. Lucket*, 3 J. J. Marsh., 164–167; *McCrea v. Purmort*, 16 Wend., 473. In respect to deeds of conveyance, though the clause of receipt and acquittance may be inquired into when the consideration is directly in question, yet this shall not in general be done for the purpose of changing the legal effect of the instrument in the creation or modification of the estate. Cowen & Hill's Notes, 217, 1442. Even where the receipt may be questioned in an action for the purchase money, or on the covenants in the deed, it cannot, nor can any other fact stated or recited in the deed, be inquired into for the purpose of defeating the conveyance, either in vesting or extinguishing a right, or in any way altering the effect of the deed in other particulars besides the mere receipt. *Morse v. Shattuck*, 4 N. H., 229; *Gully v. Grubbs*, 1 J. J. Marsh., 387, 389, 390; and Cowen & Hill's Notes, 217, 1441.

*Gillet & Hammond*, for respondent, contended that to create a condition in a deed, the word *condition* need not be used. Other equivalent words may be used, and it may also be implied. Co. Litt., 233, b. 2. Whether a condition be precedent or subsequent, is a matter of construction, and depends upon

the intent of the party creating the estate.    4 Kent's Com., 124, and cases cited; id., 132; *Parmelee v. Oswego R. R. Co.*, 2 Seld., 74; *Nicoll v. R. R. Co.*, 2 Kern., 121; *Rogan v. Walker*, 1 Wis., 527.    Subsequent conditions operate upon an estate already created, and it is liable to be defeated by breach of the condition. 4 Kent, 125.    A devise of land for a school house, provided it be built at a certain place, is a valid subsequent condition. *Hayden v. Stoughton*, 5 Pick., 534.    3. It was competent to show the circumstances under which the deed to the railway company was given, as well as its consideration.    16 Wend., 475; 2 Denio, 316; 8 Wis., 471; 23 id., 522.

*L. S. Dixon* and *D. S. Wegg*, of counsel for respondent, argued that the deed from Mary Eleanor Watson to the railroad company, although somewhat inartificially drawn, was a deed upon condition subsequent.    The intention is to be gathered from the whole deed, and the court should place itself as near as possible in the situation of the parties, to see what they really meant.    *Goodtitle v. Bailey*, Cowp., 597; *Gibson v. Minet*, 2 Bro. P. C., 48; *Doe v. Simpson*, 2 Wils., 22.    No precise words are required to make a condition.    3 Cruise's Dig., tit. 32, ch. 24, sec. 70; 1 id., tit. 13, ch. 1, sec. 10; Bac. Ab., "Conditions, A.;" 1 Ves., 147; Jac. Law Dic., tit. "Conditions."    If there is any condition in the deed, it is a condition *subsequent.*    "If the act or condition required do not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if, from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent." *Underhill v. S. & W. R. R. Co.*, 20 Barb., 459.    The very words of the grant indicate the intention of the grantor to pass the estate on delivery.    *Rogan v. Walker*, 1 Wis., 527.    The deed being voluntary, and solely for a purpose which was to be peculiarly beneficial to the grantor, should not receive a narrow

construction. *Leach v. Leach*, 4 Ind., 628; *Jenkins v. Jenkins*, 3 Mon., 327; *Scott v. Scott*, 3 B. Mon., 2; *Devereaux v. Cooper*, 11 Vt., 103. Grants or dedications of public squares or grounds, where the deed or plat indicates that they are for a particular purpose, and that only, are of a somewhat analogous character. There, if the land is not used at all for the purpose, or if the town ceases to use it for that purpose, and applies it for another, the grantor may re-enter for condition broken. *Daniels v. Wilson*, 27 Wis., 492; *Abbott v. Mills*, 3 Vt., 521. The adjudged cases directly favor the plaintiff. The words "for the purpose of erecting a tanyard on it," were declared to create a condition subsequent, in *Hunt v. Beeson*, 18 Ind., 380; also, "He, the aforesaid Benjamin Leek, his heirs and assigns, forever hereafter, allowing all people to pass and repass," etc., in *Parsons v. Miller*, 15 Wend., 561, 564; also, "So long as they should continue to use and improve the same for the express purpose of grinding, and no longer," in *Sperry v. Pond et al.*, 5 Ohio, 388. This whole subject underwent a very thorough investigation by the supreme court of Massachusetts, in *Rawson v. School District No. 5 in Uxbridge*, 7 Allen, 125; and, although the court decides in that case that the words do not make a condition subsequent, the decision is based on the ground that the deed was not shown to have been without valuable consideration, and that the purpose for which the land was granted was a public one, and not specially beneficial to the grantor. *Strong v. Doty*, 32 Wis., 381, was the case of a trust, or charity, and not an estate upon condition subsequent. It is not essential that the deed should contain an express clause of forfeiture, or right of re-entry. *Thomas v. Record*, 47 Me., 500; *Gray v. Blanchard*, 8 Pick., 284. He who enters for condition broken becomes seized of his first estate, and avoids all intermediate charges and incumbrances, and can convey an absolute fee. *Barker v. Cobb*, 36 N. H., 344; 4 Kent's Com., 126. The ruling of the court below was right in allowing testimony as to

the true character of the consideration. *Reynolds v. Vilas*, 8 Wis., 471.

*Charles A. Eldredge*, of counsel for respondent, argued that no precise words were necessary to make a condition precedent or subsequent, and the construction must always be founded on the intent of the parties. 4 Kent's Com., 125; *Parmelee v. O. & S. R. R. Co.*, 2 Seld., 80; *Rogan v. Walker*, 1 Wis., 555. And an entry or demand is sufficient to revest the title. *Sperry v. Pond*, 5 Ohio, 388. And when the condition is broken, the whole estate shall be defeated, and not some part only be avoided. Shep. Touch., 120, 121; 8 Pick., 291. The grantor having taken possession by her attorney, in her life time, for the purpose of enforcing forfeiture, her deed to respondent was effectual to convey the premises. 1 Smith's L. C., 87; 4 Kent's Com., 126.

LYON, J. It is claimed on behalf of the plaintiff, that the clauses in the deed from Mary Eleanor Watson to the Milwaukee & Horicon Railroad Company expressing the purposes for which the lands conveyed thereby were to be used, are conditions subsequent, a breach of which might work a forfeiture of such lands. This action is brought upon that theory, and the most important, if not the controlling question to be determined, is, whether those clauses are conditions. The principles or rules of law which are believed to be conclusive upon that question, will be briefly stated.

1. Although there are technical words, which, if used in a conveyance, unmistakeably create a condition, yet the use thereof is not absolutely essential to that end, and a valid condition may be expressed without employing those words.

2. It is not essential to a valid condition that, in case of a breach thereof, a right of re-entry be expressly reserved in the deed, or that it be expressed therein that the estate of the grantee shall terminate with a breach of the condition.

3. Neither does the character of the clause alleged to be a condition depend upon its insertion in any particular part of the instrument. "Conditions regularly follow the *habendum* in a deed, but are good in law in any other place." Jac. Law Dic., " Condition."

4. The construction of the clause or stipulation must depend upon the intention of the parties, to be gathered from the instrument and the existing facts. Says Chancellor Kent, in 4 Com., 132 : " Whether the words amount to a condition, or a limitation or a covenant, may be matter of construction depending on the contract. The intention of the party to the instrument, when clearly ascertained, is of controlling efficacy ; though conditions and limitations are not readily to be raised by mere inference and argument. The distinctions on this subject are extremely subtle and artificial ; and the construction of a deed, as to its operation and effect, will after all depend less upon artificial rules than upon the application of good sense and sound equity to the object and spirit of the contract in a given case."

5. When the deed does not expressly provide for a forfeitture of the estate or give a right of re-entry in case of default, words of limitation or restriction are sometimes, perhaps usually, necessary to create a condition. For want of the these in the lease in *Brugman v. Noyes*, 6 Wis., 3, the instrument was held not to contain a condition or covenant.

6. In a voluntary conveyance, words may be held to be a condition, which, if used in a conveyance made for a valuable consideration, would be held a covenant only.

7. Conditions subsequent are not favored in the law, and are to be strictly construed.

8. To the foregoing may be added the following rule prescribed by statute : " When any conditions annexed to a grant or conveyance of lands are merely nominal, and evince no intention of actual and substantial benefit to the party to whom or in whose favor they are to be performed, they may

be wholly disregarded, and a failure to perform the same shall in no case operate as a forfeiture of the lands conveyed subject thereto." R. S., ch. 83, sec. 46.

9. Although a deed contain a clause declaring the purpose for which it is intended the granted premises shall be used, if such purpose will not inure specially to the benefit of the grantor, but is in its nature general and public, and if there are no other words in the grant indicating an intent that the grant is to be void if the declared purpose is not fulfilled, such a clause is not a condition subsequent.

The application of this rule controlled the cases of *Strong v. Doty*, 32 Wis., 381, and *Rawson v. Inhabitants of School District No. 5 in Uxbridge*, 7 Allen, 125, cited and relied upon by counsel for the defendants.

The foregoing rules are, it is believed, fully sustained in the elementary treatises and by numerous adjudged cases. Many of these will be found cited in the briefs of the learned counsel on both sides. Further citation of the authorities on these subjects is not deemed necessary.

It remains to be determined, in the light of the above rules of law, whether the deed from Mary Eleanor Watson to the Milwaukee & Horicon Railroad Company conveyed the absolute fee of the lands in controversy, or only a conditional fee.

This deed conveyed two parcels of land. After the description of the first parcel, and referring to it, are the following words: "The aforesaid piece or parcel of land hereby conveyed to the party of the second part *only for depot and other railroad purposes*." After the description of the other parcel, which in terms is granted *for a railway*, the deed contains this clause: "Both of said pieces or parcels being granted *solely* for said road purposes." The words "*only*" and "*solely*" are words of restriction or exclusion. As used in this deed, their effect clearly is to prohibit the grantee from using the lands for any other than the specified purposes.

The grantor owned a tract of land suitable for building pur-

poses, adjacent to the land conveyed for a depot site. She believed, as she well might, that the construction of the railroad, and the location and erection of the depot at that point, would enhance the value and facilitate the sale of her property. Hence she was willing to donate, and did donate, the land in controversy to the railroad company for the purposes specified in the deed, and for no other.

But it is argued that parol evidence was improperly admitted to prove that no consideration was actually paid for the land. It is claimed that, because the deed recites a consideration of one dollar, it is a verity in the case that the grantor received one dollar for the land. We do not stop to inquire whether this position is correct or otherwise; for we think that it was competent for the plaintiff to prove by parol evidence, not for the purpose of showing the deed void in its inception, but as a circumstance bearing upon the intention of the parties and thus aiding in a correct interpretation of the instrument, that the construction of the railroad, and the location of the depot upon the granted premises, were the principal inducements to the execution of the deed. See *Hannan v. Oxley*, 23 Wis., 519, and cases cited. It may be further remarked on this subject, that, if regard be had to substance rather than form, the distinction in principle between paying for the land a mere nominal consideration and paying nothing at all for it, is not very apparent.

It is a very significant fact in the case, that the grantor (acting by her agent, Mr. Horner) refused to execute an unconditional conveyance of the land, and required the clauses under consideration to be inserted in the conveyance which she did execute. But their insertion was a useless act unless the clauses are held to be conditions. That the grantor intended to reserve to herself some remedy in case the grantee should make default, is too plain for argument or doubt.

The considerations above mentioned, and other features of the case not specially referred to, convince us that the grantor

intended to convey the land upon the condition that if the grantee failed to construct the railway and locate and erect the depot thereon, she should have power to destroy the estate of the grantee in the land, by re-entry or its equivalent, and revest the title thereto in herself. We think also that the language of the deed admits of a construction which will effectuate that intention, and we cannot hesitate so to construe it.

It must be held, therefore, that the parcel of land first described in the deed was conveyed upon condition that the grantee should use it for depot purposes, and the parcel last described upon condition that it should be used "for a railway;" that is, as we understand it, the railway track should be laid upon it. And here it may be observed that we do not think that the first condition in the deed applies to the second parcel of land therein described. That is to say, we do not think the failure to use the land first described for depot purposes can alone work a forfeiture of the strip conveyed "for a railway." Having regard to the rule above stated, that these conditions are to be strictly construed, we must construe them the same as though two deeds had been made, one conveying the depot lot on condition that it be used for depot purposes, and the other conveying the strip two and a half rods wide on condition that it should be used for a railway track.

The track having been laid upon such strip of land in 1857 or 1858, and having been maintained there until the present time, it necessarily follows from the views just expressed, that there has been no breach of the condition upon which the same was conveyed, and hence that the circuit court erred in rendering judgment therefor for the plaintiff. But the failure to use the other parcel for depot purposes, evidenced by the erection and maintenance, by the grantee and its successors, of the depot for Ripon eighty rods south of such parcel and separated from it by a mill pond, was injurious to the grantor and a substantial breach of the condition upon which such parcel was conveyed.

Horner vs. The Chicago, Milwaukee & St. Paul Railway Co.. and others.

We are next to determine whether the grantor, before she conveyed to the plaintiff, made entry, for condition broken, upon the land conveyed for depot purposes. Without recapitulating the testimony on that subject, we think the fact is established by a clear preponderance of the evidence, that in 1862 or 1863 the grantor, by her agent, made sufficient entry thereupon to revest in her the title to such parcel.

It is further claimed that the deed from Mary Eleanor Watson to the plaintiff does not convey to the latter the lands in controversy. That deed was executed in 1865, and conveys all of the eighty-acre tract of which such lands are a portion, "which still remains unsold." The title to the depot lot had previously reverted to the grantor, and at that time she was the owner of such lot. Hence it "remained unsold," and the title thereto passed to the plaintiff by the deed of 1865. Besides, it is admitted in the stipulation of facts that the lands in controversy were conveyed to the plaintiff by that deed.

Lastly, it is said in one of the briefs of counsel for defendants, that the judgment is bad because it is a joint judgment against all of the defendants. This position cannot be maintained. It is a stipulated fact in the case, "that at the time of the commencement of this action the *defendants* were in the possession of the premises described in the complaint." If the plaintiff is entitled to recover against one of the defendants, it is very certain that she is entitled to recover against all of them.

Our conclusion is, that the plaintiff is the owner in fee of the parcel conveyed for depot purposes, and entitled to judgment therefor against all of the defendants.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to that court to give judgment for the plaintiff, modified as indicated in this opinion.