### WM. CAMERON & COMPANY v. J. L. REALMUTO.

Decided February 16, 1907.

**1.—Pleading as Evidence.**

In a suit for personal injuries, the defense being that the plaintiff was in the employ of an independent contractor and not of defendant at the time of the injury, it was error to exclude plaintiff's petition, when offered in evidence by defendant, in which it was alleged that plaintiff "was in the employ of M., an independent contractor of defendant company, at the time he was injured."

**2.—Personal Injuries—Independent Contractor.**

Defendant company was operating a sawmill; for the purpose of moving the lumber from the mill to the yard it had provided a tramway; it contracted with M. to move the lumber at so much per thousand, M. to employ and pay his own help, the defendant reserving the right to discharge an objectionable person; the defendant owned and maintained the tramway, cars, mules, etc., M. and his employes simply had the use of them in the performance of the work, the defendant directing when and how the work should be done; the plaintiff was employed by M. and was injured by the breaking of a defective plank in the tramway while driving one of the cars. Held, that M. was not such an independent contractor as would exempt the defendant from liability to plaintiff.

**3.—Same—Assumed Risk.**

An employe assumes only such risks as he had, or ought to have had knowledge of.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*J. A. Mooney* and *Boynton & Boynton,* for appellant.—The master is not required in law to furnish a reasonably safe place for the servant to labor, but is only required to use ordinary care to have such place reasonably safe. Galveston, H. & S. A. R. R. Co. v. Gormley, 91 Texas, 398; Missouri, K. & T. Ry. Co. v. Smith, 82 S. W. Rep., 787; International & G. N. R. R. Co. v. von Hoesen, 91 S. W. Rep., 604.

When one accepts the employment of another he assumes all ordinary risks incident to such employment, and can not recover for injuries resulting therefrom.   Missouri Pac. Ry. Co. v. Callbreath, 66 Texas, 528; Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Texas, 90.

A person may be an independent contractor although the party for whom the work is being done exercises some control over his property being used in such work or over the contractor, or prohibits the contractor from employing certain persons.   Wallace v. Southern Cotton Oil Co., 91 Texas, 18; City of Groesbeck v. Pinson, 50 S. W. Rep., 620; Simonton v. Perry, 62 S. W. Rep., 1090.

*E. P. Phelps, Hogg, Watkins & Jones, Joe W. Thomas* and *T. C. Mann,* for appellee.—An independent contractor is one over whom the party for whom he is doing work exercises no control as to the manner in which the work is to be done, nor over the means with which it is to be done, nor over the persons engaged in the work, and a charge which instructs the jury that if they find either of such to be a fact, they will find against the defendant, correctly presented the law applicable to this case.   Wallace v. Southern Oil Co., 91 Texas, 21.

GILL, CHIEF JUSTICE.—The appellee sued the appellant for damages for personal injuries alleged to have been sustained by him while in the service of the company.   The defendant answered by general denial, pleaded contributory negligence and assumed risk, and further set up that the plaintiff was at the time of the accident in the service of one Henry Mitchell, an independent contractor.   From a verdict in favor of plaintiff the defendant has appealed.

The facts, which are practically undisputed, are as follows:   Appellant was engaged in the operation of a saw mill.   For the purpose of moving the lumber from the mill to points in the yard where it was to be stacked and stored, it had built wooden tracks or roadways called "dolley-ways" over which wheeled trucks called "dolleys" were to be drawn by mules.   The dolley-way was made of short wooden planks laid crosswise on supports and on the walk thus made the mule was to be driven while drawing the truck or dolley loaded with lumber.

The company had engaged one Henry Mitchell to move the lumber and stack it for which service the company paid him 15 cents per thousand feet.   Mitchell might employ such help as he needed at such prices as he chose to pay, but the company reserved and exercised the right to discharge any objectionable person which he might employ.   The company paid off these hands and paid Mitchell the difference which had accrued at the price per thousand feet for which the lumber was to be handled.   The company owned and maintained the dolleys, dolley-ways and mules, and Mitchell and his employes had simply the use of them in the performance of the work.   The company directed how and when the work should be done.

The plaintiff, one of the men working under Mitchell under the arrangement above detailed, was engaged in driving a mule drawing a loaded "dolley."   He was sitting on the front end with his feet hanging over.   While the dolley was in motion the weight of the mule caused one of the planks of the dolley-way to break and one end of the broken

plank was thrown up against plaintiff's leg breaking it. The verdict and record supports the finding that the plank which broke was defective and the company was negligent in not discovering and remedying it. The plaintiff was not guilty of contributory negligence. The size of the verdict is not complained of. The assignments are addressed mainly to questions of procedure.

By the first assignment defendant complains of the exclusion of plaintiff's original petition which appellant offered in evidence. The portion claimed by appellant to be pertinent to the defense was, "On the 2d of May, 1903, plaintiff was in the employ of Henry Mitchell, an independent contractor of defendant company doing the work of common labor for hire." The issue of independent contractor was made by defendant's pleadings and the evidence was admissible, not as conclusive upon the issue, but to be considered with other evidence bearing upon the point. (Houston, E. & W. T. Ry. v. DeWalt, 96 Texas, 121; Barrett v. Featherstone, 89 Texas, 567.) It was error therefore to exclude it and unless the error was cured or rendered harmless by the case as developed requires a reversal of the judgment.

We incline to the opinion that under the undisputed proof Mitchell was not such an independent contractor as under the facts of this case would have tended to exempt the company from liability for the failure of duty which caused the injury. If the plaintiff had been injured by Mitchell or through any fault of his, perhaps, under the contract with Mitchell, the company would have been exempt. But the facts show that the company undertook to furnish and maintain all the means for moving the lumber except the labor, and had a failure of duty in this respect injured Mitchell himself the company could not have protected itself behind the contract. The doctrine of independent contractor does not apply to such a state of facts. This is not a case in which the company is sought to be held for any dereliction on the part of Mitchell and to that state of facts only would the doctrine be appropriate. In this view of the case the error was harmless. The gist of appellee's cause of action is that under the facts alleged and proved the company owed to him the duty to exercise reasonable care to keep the dolley-way in reasonably safe condition, and that a failure to discharge this duty caused his injury.

By the second and third assignments of error the appellant complains of the measure of care imposed on defendant by the main charge. The court instructed the jury that "it was the duty of the company to use ordinary care in constructing, maintaining and keeping said dolley-ways and to keep them in a reasonably safe condition for the purposes for which they were used and a failure to do so would be negligence on its part." An accurate definition of ordinary care immediately follows the paragraph quoted. We do not think the section of the charge quoted is fairly susceptible of the construction that it imposed the absolute duty on the company to keep the way in a reasonably safe condition. The duty of ordinary care runs through the entire sentence and this is emphasized in a subsequent portion of the charge applying the law to the facts.

The court rightly charged that the plaintiff had the right to assume that the company would furnish him a reasonably safe dolley-way for

use in the discharge of his duty. This charge bore on the issue of contributory negligence on the part of plaintiff and had no bearing upon the defined duties of defendant.

Appellant advances the proposition that plaintiff assumed as one of the ordinary risks of his employment the 'breaking of the plank because such accidents had occasionally happened within his knowledge. We can not assent to this proposition. He would assume such risks only in case in the performance of his duty he had or ought to have acquired a knowledge of the unsafe condition of the dolley-way. This risk would not fall under the head of the ordinary risks of his employment, but was an added risk which he would have assumed in addition to those generally imposed on him by law. The charge of the court on the point is not susceptible to the criticism addressed to it, and is sufficiently specific in defining the risks assumed by appellee to render the giving of the requested charges upon the point unnecessary to the safeguarding of defendant's rights.

In view of what we have said on the issue of independent contractor it is unnecessary to notice the assignments addressed to the charges upon that question. The defendant was not thereby harmed and plaintiff might well have protested against the submission of the issue.

The verdict is in effect a finding that the company was negligent in the maintenance of a way which with its knowledge and invitation the plaintiff was using and by the terms of the company's contract it had undertaken to maintain and which the plaintiff under the same contract was expected and required to use.

We have found no material error in the record. The judgment is affirmed.

*Affirmed.*