## B. C. Quinn v. Glenn Lumber Company.

### No. 2029. Decided March 16, 1910.

**1.—Negligence—Master and Servant—Question of Fact.**

Evidence considered in case of a sawyer at a lumber mill who was injured by getting his hand in contact with a revolving saw in attempting to adjust a defective guide pin, and held sufficient to require the issue of defendant's negligence to be submitted to the jury—a peremptory instruction to find for defendant not being justified. (Pp. 254, 255).

**2.—Same—Assumed Risk—Fellow Servant.**

Plaintiff assumed the risk of known defects in the machinery, which he was attempting to adjust when injured, but not that resulting from the act of the foreman in so altering the condition of same without his knowledge as to make it harder to adjust, and which it might have been foreseen would increase the danger to him in so doing, and such act of the foreman was not that of a fellow servant. (Pp. 255, 256).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Marion County.

Quinn sued the lumber company for personal injuries. Judgment was for defendant under a peremptory instruction, and was affirmed on appeal by plaintiff, whereupon he obtained writ of error.

*T. W. Davidson* and *L. S. Schluter,* for plaintiff in error.—The court erred in withdrawing the case from the consideration of the jury because, if there were no dispute as to the facts, there was a dispute as to the conclusions to be drawn from them, and whether or not the defendant was negligent is a question for the jury to determine, and whether or not the plaintiff acted with that degree of care required of an ordinarily prudent man was also a question for the jury. McGown v. International & G. N. Ry. Co., 85 Texas, 292; Potter v. Wheat, 53 Texas, 401; Gilkey v. Peeler, 22 Texas, 669; Underwood v. Coolgrove, 59 Texas, 170; Parker v. Chancellor, 78 Texas, 528; Texas & P. Ry. Co. v. Murphy, 46 Texas, 366; Brandon v. Gulf City Cotton P. Mfg. Co., 51 Texas, 127; Houston & G. N. R. R. Co. v. Randall, 50 Texas, 260.

*W. T. Armistead,* for defendant in error.—A servant who, without protest, continues his work after he has learned or in the exercise of ordinary care should have learned of a defect in the machinery or

appliances furnished for his use, assumes the risk resulting from such defect. Trinity & B. V. Ry. v. Purdue, 18 Texas Ct. Rep., 245; El Paso & S. W. Ry. v. Foth, 18 Texas Ct. Rep., 610; Houston & T. C. Ry. v. Martin, 21 Texas Civ. App., 207; Texas & P. Ry. v. French, 86 Texas, 96; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 76; Quill v. Houston & T. C. Ry. Co., 93 Texas, 616.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The question in this case is whether or not the plaintiff, Quinn, who sued for the recovery of damages for personal injuries alleged to have been caused by the negligence of defendant, adduced evidence sufficient to entitle him to have his case submitted to the jury. The trial judge directed the jury to return a verdict against him and that action was affirmed by the Court of Civil Appeals. He was engaged as an extra sawyer at defendant's saw mill and his hand was cut by the saw with which it came in contact while he was attempting to adjust a guide pin. The facts which the testimony in his favor tended to show are, in substance, these. To make its motion firm and true, the saw revolved between the two jaws of a guide through each of which a pin was inserted so that its inner end, made of wood, stood close to the saw. Thus the saw was made to revolve between the wooden ends of these pins, the defective condition of one of which, called the guide pin, is asserted by plaintiff to have been the cause of his injury. It was partly of metal and partly of wood, the metallic part being screwed through a hole in the jaw of the guide and having a socket in its inner end into which the wooden piece was inserted so as to stand nearest the saw. It was necessary to keep the ends of these pins close enough to the saw, as they were worn by friction, by screwing up the guide pin, which was done by means of a wrench applied to the head of the pin outside the jaw of the guide. The wrench was merely a flat piece of iron ten inches in length with an angular opening at one end to clasp the head of the pin. By reason of the corners of the pin having worn partly away and of the jaws or prongs of the wrench having opened and worn, the latter fitted loosely over the former; and the threads of the pin had also become worn so that at times it was loose in the hole into which it was screwed; and all this was known to plaintiff. But he testifies, in effect, that he could do the work safely with them as they were before the foreman changed the condition of the pin as stated below. Plaintiff acted as sawyer occasionally, a day or two at a time, when the regular sawyer was absent, and then it became his duty to keep the guide pin properly adjusted, in its relation to the saw, by screwing it up; but, if his testimony be true, it was not his duty to keep it in repair. On the evening when he was hurt, while he was engaged in changing the saws, the foreman, whose duty, according to plaintiff's version, it was to repair the pins, took out the adjustable one and, in order to tighten it, put a piece of rag in the hole in which it worked and returned the pin to its place, without informing plaintiff of the change. In this way the pin was made too tight and when, soon afterwards, plaintiff tried to turn it with the wrench, he found that it did not yield as usual, but was so fast that the

wrench slipped, and the consequent jerk of plaintiff's hand brought it in contact with the saw. There is evidence from which it might be found that the insertion of the rag and the consequent tightening of the pin was a clumsy device to cure a defective condition; and that, although plaintiff saw the foreman working with the pin, he did not know what he had done nor the condition he had left.

The question which appears to us to be the most doubtful is whether or not the facts would justify a finding that the defendant, in allowing the pin and the wrench to be in the condition described and in changing the situation, as stated, without notice to plaintiff, was guilty of negligence which proximately caused his injury.

The answer to that question depends upon the danger which ought to have been anticipated from such a state of things; whether or not some such injury to a servant as that suffered by plaintiff might reasonably have been foreseen as a consequence of the worn condition of the pin and of the wrench, combined with the act of the foreman in making the pin too tight. To reach a just conclusion from such a state of facts, the united effect of all that helped to cause the injury must be brought into view. In addition to the facts already stated, there is the testimony of witnesses describing the position of the adjustable pin and of the hand when using the wrench in relation to the teeth of the saw; and it is apparent from the manner in which the witnesses testify that, while the danger of contact may ordinarily be avoided with ease, the observance of care is necessary to that end. It may be true, therefore, that the new combination of circumstances produced by the act of the foreman disconcerted plaintiff's efforts to perform his service in the usual way and, at the same time, to care for his own safety; and that such dangers ought to have been cared for by the defendant or its representative in conducting its business. Whether or not this is true is, we think, a question for a jury.

The Court of Civil Appeals treated the foreman as the fellow servant of the plaintiff, but if it was the foreman's duty to see to the proper condition of the pin, this is not correct. In doing such things as that he would represent the master in the performance of a nondelegable duty.

Nor is it true, we think, that plaintiff necessarily assumed the risk of that which happened if it was the result of defendant's negligence. If that result had flowed wholly from the previous condition of the head of the pin and of the wrench, the assumption of risk would, indeed, be complete; but according to plaintiff's testimony, the wrench and the pin could be and were used with perfect safety from danger of such injuries as that which he suffered, so long as they were left in the condition of which he had knowledge. It was the tightening of the pin and the increase of force thus made necessary that introduced an unknown danger into the situation. If it was, as the Court of Civil Appeals took it to be, plaintiff's duty to keep the pin and wrench in proper condition, it would be true that he could not recover, because such duty would make him the representative of the defendant therein and he could not complain of his own omission to perform it; and the foreman, in doing such work,

would be a mere volunteer or intruder for whose unauthorized conduct therein the defendant would not be responsible. But, as we have stated, that is not the case made by the plaintiff's evidence. We therefore conclude that the trial court erred in the instruction given and the Court of Civil Appeals erred in affirming the judgment.

*Reversed and remanded.*