### GLENN LUMBER CO. v. QUINN.

(Court of Civil Appeals of Texas. Texarkana. May 30, 1912. Rehearing Denied June 29, 1912.)

**1. MASTER AND SERVANT (§ 127*)—INJURIES TO SERVANT—APPLIANCES—REPAIRS—DUTY.**

An employer is not bound to so repair an appliance as to make it suitable and reasonably safe for the purpose for which it is used, but merely to use ordinary care to so repair it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 252; Dec. Dig. § 127.*]

**2. TRIAL (§ 296*) — INSTRUCTIONS — ERROR CURED.**

In an action for injury to an employé, an instruction which required defendant "to so repair" a device "as to make it suitable for the purpose for which it was used and reasonably safe for use" was harmless error, where, considered with all the other instructions, it could not have misled the jury into understanding that more was required of defendant than the use of ordinary care to so repair the appliance.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

**3. TRIAL (§§ 242, 194*)—INSTRUCTIONS—MISLEADING—WEIGHT OF EVIDENCE.**

In an action for injury to a lumber mill employé, an instruction that if a representative of defendant in making a repair removed a pin, and then screwed it back so tight that plaintiff could not turn it with a wrench by using the same force he had customarily used, and if it was his duty to turn it, and in undertaking to do so the wrench slipped by reason of the increased force used by plaintiff, and thereby his hand was thrown in contact with a near-by saw, and injured, and if the representative was negligent in the manner in which he repaired the pin and the negligence proximately caused the injury, and if plaintiff did not know how the repair had been made when he undertook to turn it, plaintiff should recover,

was not erroneous as tending to mislead and as being on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576, 413, 436, 439–441, 446–454, 456–466; Dec. Dig. §§ 242, 194.*]

**4. DAMAGES (§ 130*)—PERSONAL INJURY—EXCESSIVENESS.**

Four thousand five hundred dollars is not such excessive recovery for injury to a lumber mill sawyer, whose hand was injured by a saw, as to indicate that the jury were influenced by improper considerations.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. § 130.*]

Appeal from District Court, Marion County; P. A. Turner, Judge.

Action by B. C. Quinn against the Glenn Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. T. Armistead, J. H. Benefield, R. R. Taylor, all of Jefferson, and Glass, Estes, King & Burford, of Texarkana, for appellant. Schluter & Singleton, of Jefferson, and Beard & Davidson, of Marshall, for appellee.

WILLSON, C. J. This case has heretofore been before this court twice (118 S. W. 733; 140 S. W. 863), and before the Supreme Court once (103 Tex. 253, 126 S. W. 2). The facts are sufficiently stated in the opinions then rendered. This appeal is from a judgment in appellee's favor for $4,500.

[1, 2] The trial court instructed the jury that it was the duty of appellant, if the guide pin was defective, "to so repair it as to make it suitable for the purpose for which it was used, and reasonably safe for use." It is insisted that the instruction was erroneous, because appellant discharged its duty to appellee if it used ordinary care to so repair the pin as to render it reasonably safe for use. The qualification stated by appellant, as to the duty of an employer, is established by the authorities. The employer has discharged the duty the law imposes on him when he has exercised ordinary care to furnish the employé reasonably safe appliances to work with, and has exercised ordinary care to maintain such appliances in a reasonably safe condition. But it does not follow, because the instruction in the particular complained of was erroneous, that the judgment should be reversed. It should appear, further, that the error probably misled the jury and induced them to render a verdict they otherwise would not have rendered. That the instruction, when considered, as we should assume it was by the jury, in connection with all other instructions given, reasonably could not have so misled them, we think is clear. Other portions of the charge sufficiently defined negligence, ordinary care, and proximate cause. Another portion told the jury to find for appellant if they did not believe it had been guilty of negligence "in the manner in which the pin had been repaired." Still another portion required them, before finding for appel-

lee, to believe that appellant "was guilty of negligence in the manner in which it had repaired the pin and that said negligence proximately caused the injury to plaintiff." The effect of the charge as a whole was to tell the jury that it was appellant's duty to so repair the pin as to render it reasonably safe, but not to find for appellee unless they believed appellant was negligent in the manner in which it repaired the pin. Railway Co. v. Long, 32 Tex. Civ. App. 40, 74 S. W. 60; Cameron v. Realmuto, 45 Tex. Civ. App. 305, 100 S. W. 194; Railway Co. v. Nix, 23 S. W. 329.

[3] The court instructed the jury as follows: "If you believe from the evidence that one L. N. Byrne was acting for the defendant Glenn Lumber Company, and if you further believe that he made the repair by removing the pin from the hole and putting packing in said hole, and then screwed said pin in said hole with the packing therein, and if you further believe when he had finished said repair he left the pin so tight in the hole that the plaintiff could not turn it with a wrench by using the same force he had been accustomed to use before, and it became necessary for him in the discharge of his duty as sawyer to turn said pin to adjust the guide to the saw, and if you believe that he put the wrench on the head of the pin and undertook thereby to turn it, but it would not turn and the wrench slipped from the head of the pin by reason of the increased force used by the plaintiff, and thereby his hand was thrown in contact with the saw and was injured, and if you further believe that Byrne was guilty of negligence in the manner in which he had repaired said pin, and that said negligence proximately caused the injury to the plaintiff, and if you further believe that the said plaintiff, B. C. Quinn, did not know how Byrne had repaired said pin when he undertook to turn it, you will find for the plaintiff, unless you find for the defendant under some other paragraph of this charge." It is objected that the instruction "does not conform to the allegations of the plaintiff," but in what respect is not so pointed out as to advise us thereof. It is further objected that "the use," quoting, "of the phrase, 'more force or increased force,' to tighten the guide pin, was erroneous and misleading, as it was necessary at every additional adjustment, and besides this paragraph of the charge in part allows a recovery mainly on its requiring more force of plaintiff at the next tightening." The phrase objected to does not appear to have been used in the instruction. The jury were not authorized to find for appellee if they believed that Byrne in repairing the pin left it "so tight in the hole that plaintiff could not turn it with a wrench by using the same force he had been accustomed to use before." Be-

fore they were authorized by the instruction to find for appellee, they also must have believed, among other things, that Byrne was guilty of negligence "in the manner in which he repaired the pin, and that such negligence proximately caused the injury" complained of. Finally, it is objected that the instruction is on the weight of the evidence, but here again we are left unadvised as to the particulars in which appellant believed it to be obnoxious to the objection urged; except "by reason," quoting from the statement in the brief, "of its reference to the plaintiff's right of recovery on the increased force." We do not think the objection should be sustained.

In its third assignment appellant complains of the action of the court in overruling its motion for a new trial, on the ground (1) that appellee assumed the risk he incurred, and (2) was guilty of contributory negligence in using his left instead of his right hand in his effort to adjust the guide pin. Whether appellee had assumed the risk or not, and whether he had been guilty of negligence or not, were questions the court submitted to the jury. They answered both questions in the negative. In the view taken by the Supreme Court of the case, we cannot say the conclusion reached by the jury was unsupported by testimony in the record. Quinn v. Glenn Lumber Co., 103 Tex. 253, 126 S. W. 2.

[4] The remaining assignment attacks the verdict as excessive. There is nothing in the record indicating that the jury were influenced by any other consideration than their duty to award to appellee a sum which would compensate him for the injury he sustained. Therefore the assignment is overruled.

The judgment is affirmed.