RED RIVER, T. & S. RY. CO. et al. v. DAVIS. (No. 7777.)*

(Court of Civil Appeals of Texas. Dallas. May 12, 1917. Rehearing Denied June 9, 1917.)

1. RAILROADS ⚖══72(1) — DEEDS — CONDITION SUBSEQUENT.

Provision of a deed to a railroad, that the price was accepted after institution of condemnation proceedings and on the condition that the property shall be used for railroad purposes only, all of which is part of the consideration, and the grantee binds itself and successors to so use it, imports a condition subsequent, the effect being as if the land had been condemned for railroad purposes.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 168, 169.]

2. RAILROADS ⚖══82(3) — DEEDS — CONDITION SUBSEQUENT—EFFECT OF BREACH.

Where land is deeded to railroad on condition subsequent that it shall be used for railroad purposes only, forfeiture of the easement

created by the deed is the effect of permanent abandonment of such use.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 215.]

3. EVIDENCE ⟨⟩461(2) — PAROL EVIDENCE — AMBIGUITY IN DEED.

To aid in interpreting a clause of a deed as to use of the property by the grantee, testimony in regard to the agreement of the parties and the negotiations in regard to execution and delivery of the deed is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2130.]

4. EVIDENCE ⟨⟩419(2) — PAROL EVIDENCE — CONSIDERATION OF DEED.

Parol evidence is admissible to show the consideration named in a deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912.]

5. EVIDENCE ⟨⟩208(6)—PLEADINGS.

Plaintiff may introduce in evidence an answer not denying an averment of the petition; it being abandoned by amendment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 718, 719.]

6. APPEAL AND ERROR ⟨⟩1051(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting in evidence an abandoned answer as an admission of abandonment of land for the purposes for which it was deeded was harmless, all the circumstances showing the abandonment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161, 4162, 4165, 4166.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Mrs. Camille G. Davis against the Red River, Texas & Southern Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, and Cockrell, Gray & McBride and Brooks & Worsham, all of Dallas, for appellants. Spence & Haven, of Dallas, for appellee.

RAINEY, C. J. This suit was instituted by appellee against appellants to recover two tracts or lots of land situated in the city of Dallas, one lot referred to as Commerce street property, and the other as Columbia street property. In substance the plaintiff alleged that she conveyed this land to the railway company upon the express condition that said lands would be used by a railway company for railroad purposes only, and that she conveyed such title to the railway company as it could have obtained in condemnation proceedings, and that said property was not being used by the railway company for railroad purposes only, and that the railway company had forever abandoned any intention of so using said property. At the time of the trial W. F. Evans held the record title to the Columbia street property for the Red River, Texas & Southern Railway Company, and N. A. McMillan held the record title to the Commerce street property for the St. Louis Union Trust Company. The Red River, Texas & Southern Railway Company an-

swered by general demurrer, a number of special demurrers, a general denial, and pleaded the four, five, and ten year statutes of limitation. The St. Louis Union Trust Company, after pleading a general demurrer and a general denial, pleaded that it was an innocent purchaser for value, and then adopted the allegations contained in the pleadings of its codefendant Red River, Texas & Southern Railway Company. The defendants W. F. Evans and N. A. McMillan answered to the effect that they had no interest in the property, and were simply holding the same, Evans for the railway company, and McMillan for the trust company, and adopted the answers of these respective defendants.

The cause was submitted to a jury on special issues, and upon return of the answers there was a judgment rendered in favor of the plaintiff for both tracts of land subject to a right of way of 10 feet by 100 feet off of the east side of the Columbia Street property, provided, however, that the plaintiff pay to the defendants the sum of $18,127.42, being the difference between the sum of $18,500, which amount was originally paid to the plaintiff upon the execution and delivery by her of the deed to said pieces of property, with interest thereon at the rate of 6 per cent. per annum from the date of the delivery of said deed to the date of the trial of this case, and the rents actually collected by the defendants from said property, less taxes paid, which said amount the plaintiff tendered into the registry of the court. From which said judgment the defendants have perfected an appeal to this court.

Conclusions of Fact.

On and before February, 1903, the appellee was the owner in fee simple of the two lots of land in controversy. On said date she executed a conveyance in form of a warranty deed to said lots to the Red River & Southern Railway Company, reciting:

"In consideration of the sum of $18,500 paid by the Red River & Southern Railway Company, cash in hand, the receipt of which is hereby acknowledged, which price was accepted after condemnation proceedings were instituted and upon the expressed condition that the hereinafter described property shall be used by a steam railroad company for railroad purposes only, all of which is part of the consideration hereof, and the vendee herein binds itself and its successors to so use said property."

Prior to February, 1903, the railway company's agent tried to purchase said land from the appellee, she refusing to sell, condemnation proceedings were instituted, and while pending she agreed with the parties that she would only deed such interest in said land as the railway company could procure by the condemnation proceedings, to which the railway company consented, and in pursuance of said agreement said deed was executed by her; the railway company knowing at the

time that appellee only intended to part with an easement for railroad purposes exclusively. The consideration paid, as stated in said deed, was the full value of said land at that time.

At the time said conveyance was executed it was the intention of appellants to use part of said land for railroad purposes, but it was never so used, and such intention was abandoned in the year 1912. In that year oral application was made to the city commissioners to cross Young street, but said application was refused. Since said time said railway company, or its successors, have placed a track on said property, but said track is not substantial and is not connected at either end with any steam railroad. In building said track it was not the intention of the railway company or its successors to use the balance of said property for railroad purposes only. A year or two after appellee executed the conveyance mentioned, the railroad company's agent tried to secure from appellee a quitclaim deed to said property, but appellee refused to make said deed. When the St. Louis Union Trust Company took its trust deed to the property in controversy it was placed upon notice of the character of the conveyance from appellee to the appellant railway company.

[1, 2] 1. The main question for solution is the construction to be given the language in the deed from appellee to the railway company, which reads (after stating the consideration):

"Which price was accepted after condemnation proceedings were instituted and upon the express condition that the hereinafter described property shall be used by a steam railroad company for railroad purposes only, all of which is part of the consideration hereon, and the vendee herein binds itself and its successors to so use said property."

This language imports a condition subsequent, but if there is any ambiguity therein, the circumstances surrounding the parties at the time clearly show the intention of the parties that it was to be a condition subsequent. We therefore hold the failure of the railway company to use the land for railroad purposes only is shown, and it thereby forfeited its easement created by the deed. Teague v. Teague, 22 Tex. Civ. App. 443, 54 S. W. 632; Railway Co. v. Dunman, 74 Tex. 265, 11 S. W. 1094; McBride v. Gin Co., 152 S. W. 1135; Horner v. Railway Co., 38 Wis. 165; Allen v. Howe, 105 Mass. 241; Ellis v. Kyger, 90 Mo. 600, 3 S. W. 23; Mills v. Railway Co., 10 Wash. 520, 39 Pac. 246.

2. The effect of the condition in the deed is the same as where the said land had been legally condemned for railway purposes, that is, where a permanent abandonment of the use for which it was condemned takes place, in which event it reverts to the grantor. Muhle v. Railway Co., 86 Tex. 459, 25 S. W. 607; Lyon v. McDonald, 78 Tex. 71, 14 S. W.

261, 9 L. R. A. 295; Railway Co. v. Clark, 146 S. W. 989.

3. The court did not err in refusing to give appellant's peremptory charge to the jury, in effect, to find for appellants; there being sufficient facts introduced to raise issues for the determination by the jury which required its submission.

4. The trial court did not err in rendering judgment in favor of appellee, because under the facts in the case the plaintiff was entitled to recover, and the court did not err in rendering judgment for her.

5. The judgment of the court is fully supported by the evidence and the verdict.

[3, 4] 6. The court did not err in permitting Mrs. Davis and her son, Wirt Davis, to testify in regard to the agreements of the parties and negotiations in regard to the execution and delivery of the deed, because such evidence had a tendency to show the intent of the parties in making the deed, and served to interpret the clause of the deed as to the use of the land. Besides, parol evidence is admissible to show the consideration named in the deed. Walker v. McDonald, 49 Tex. 458; Gibbs v. Penny, 43 Tex. 560; Horner v. Railway Co., 38 Wis. 165.

[5, 6] 7. There was no error on the part of the court in admitting in evidence the thirty-first paragraph of the first amended original answer in this cause, it being an abandoned pleading and superseded by an amendment. There is no general denial in the first amended original answer of the railway company. Neither is there in said pleading a special denial to the effect that the railway company did not intend to use said property for railway purposes. Railway Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; Railway Co. v. Wellington, 57 S. W. 856; Cameron v. Realmuto, 45 Tex. Civ. App. 305, 100 S. W. 194. If we are not right in the foregoing conclusion, we think the admission of said abandoned pleading was harmless error, for the circumstances all show that said land had been abandoned for the purpose for which it was deeded.

8. The remaining assignments of error have been considered, but under the facts and circumstances of the case, we think it is clearly shown that in making the conveyance of the land it was the intention of appellee to convey it to be used only for railroad purposes, and it was so understood and intended by said railway company. We also think it clear that both tracts had long since been abandoned, and none of it, except the small strip of the Columbia property in which the track is now laid, has ever been used for railroad purposes, and under this view we are of the opinion that the claimed errors, if such, do not constitute reversible errors, and the judgment is affirmed.

Affirmed.