## ANDREW NEILL V. J. H. NEWTON.

Where there are no pleadings to support the judgment, it will be reversed, although there be no statement of facts, or bill of exceptions, in the record.

Exemplary damages might be recovered for a refusal to pay over money collected, where there were aggravated circumstances of misrepresentation and deception, and special damage resulting immediately therefrom.

But a plaintiff, in an ordinary case of neglect or failure to pay over money collected, unattended by other circumstances, cannot recover vindictive damages.

The mere charge in the petition, that the defendant "has fraudulently appropriated it to his own use, for though repeatedly called upon by your petitioner to pay over the same, he has failed to account," &c., will not sustain a verdict for exemplary damages.

ERROR from Guadalupe. Tried below before the Hon. Alexander W. Terrell.

This was a suit by J. H. Newton, the defendant in error, against Andrew Neill, for the amount collected by him for the defendant in error, on certain promissory notes; and for vindictive damages, for his failure to pay over the same.

There was a verdict and judgment in favor of the defendant in error, for $112 for his debt, and $100 for damages. The facts are stated in the opinion.

*John Ireland,* for defendant in error.

BELL, J.—This suit was instituted by Newton against Neill. The petition alleged, that Neill received from Newton certain notes, on one Callihan, for collection. The petition nowhere alleges that Neill is an attorney at law, or that the relation of attorney and client existed between the parties. The petition states that "the said Andrew Neill has long since collected the money from the said Callihan, and, as your petitioner believes, has fraudulently appropriated it to his own use, for though repeatedly called upon by your petitioner to pay over the same, he has wholly failed to account for the same, or any part thereof,

to your petitioner's damage," &c.   The prayer of the petition is, that the plaintiff may have judgment against the said Neill, for the principal and interest of the money so collected, as well as for exemplary or vindictive damages for the fraudulent or negligent failure to account to petitioner for the money collected, &c. The petition stated no circumstances of deception on the part of Neill; did not charge him with any misrepresentations in relation to the collection of the money, and stated no special or actual damage, that had resulted to the petitioner, from Neill's failure to pay over the money promptly when collected.

The judge below instructed the jury as follows : " Should you return a verdict for the plaintiff, under the foregoing instructions, you may, in addition thereto, if you believe that the defendant has fraudulently appropriated the money to his own use, or has been guilty of a breach of confidence in failing to account to plaintiff for the money collected, find a verdict for the plaintiff for any amount, as punitory or vindictive damages, not to exceed $250," which was the amount claimed in the petition.   The jury returned a verdict for the plaintiff, allowing him $112 for his debt, and $100 for his damages, making the sum of $212.

The debt set forth in the petition, aside from the claim for damages, arose upon Neill's failure to pay over, after collection, the amount of "certain promissory notes on one J. H. Callihan, two for the sum of thirty dollars each; the one due 1st of January, 1847, the other the 1st of January, 1848, and, perhaps, one other for the sum of eight or ten dollars."

The record before us, contains no statement of facts, and no bill of exceptions, and it is not the ordinary practice of this court to notice the charge of the court below, in the absence of a statement of facts.   But in this case, we are of opinion that there are no pleadings to support the verdict of the jury, and the judgment rendered upon the verdict.   The petition does not disclose such facts as would entitle the plaintiff to recover punitory damages, and to the extent of the damages awarded by the

verdict and judgment, there is no cause of action presented by the record.

We do not mean to say, that a case might not be presented, which would entitle a party to recover exemplary damages for the refusal, on the part of another, to pay over money collected; but such a case would present aggravated circumstances of misrepresentation and deception, and special damage resulting immediately therefrom. The case presented by this petition, is the ordinary case of failure, or neglect, to pay over money promptly, when collected; which failure or refusal, unattended by other circumstances, cannot be held to entitle the plaintiff to recover vindictive damages. It is true, the petition states, that the petitioner believes, that Neill had fraudulently appropriated the money to his own use; but he explains why he believes so. He says he believes so, "for, though repeatedly called upon by your petitioner, to pay over the same, he (Neill,) has failed to account," &c. He does not allege, that Neill ever denied the collection of the money, or that he ever refused to pay it over. We think the petition does not state a good cause of action for damages, and the judgment is therefore reversed and the cause remanded.

Reversed and remanded.