## ABRAHAM ANDING V. JESSE PERKINS.

Where there is no statement of facts in the record, the court will presume, in support of the judgment, that everything was proved which could legally be proved under the issues. But where there were no pleadings to support the verdict of the jury, and the issues in the pleadings did not warrant the charge to the jury, the judgment will be reversed. (Paschal's Dig., Art. 1490, Note 582.)

Sedgwick declares the rule that, in an action brought on a warranty, the true measure of damages is the difference between the value which the thing sold would have brought at the time of the sale, if it had been sound or corresponding to the warranty, and its actual value with the defect. The price paid is strong, but not conclusive evidence.

The court has *held* that, where there is a failure of title, the measure of damages is the sum paid for the article, with interest from the time it was paid. (Anderson v. Duffield, 8 Tex., 237; Scranton v. Tilley, 16 Tex., 183.)

Where the plaintiff sold a land certificate with warranty of title, and it proved to be a spurious unrecommended certificate, in ·the absence of any averment of fraud the necessary measure of damages is the purchase-money, with interest. (Paschal's Dig., Note 540.)

Fraud, coupled with concealment of the cause of action, will suspend the running of the statute, and entitle the plaintiff to an action upon the discovery of the fraud, or at such time as he might have done so by the use of reasonable diligence. And if a party sell a forged land certificate, the ordinary diligence was when the proper land officer discovered the spuriousness of the title. (Paschal's Dig., Art. 4604, Note 1017.)

ERROR from Trinity. The case was tried before Hon. JAMES M. MAXCY, one of the district judges.

The history of the case is fully given in the opinion of the court. The suit was brought on the 6th of October, 1858.

*H. C. Pedigo,* for the plaintiff in error, cited Sedgwick on the Measure of Damages, 159; 4 Kent Com., 479.

*George F. Moore,* for the defendant in error, cited the authorities reviewed by the court. 1. In answer to the first assignment, it will be seen from the plaintiff's brief that the only ground that is urged to sustain the demur-

rer is, that the petition shows upon its face that the matter in controversy is not within the jurisdiction of the court, because the purchase-money paid for the certificate was only $60, and that the measure of damages was the purchase-money and interest; but surely it cannot, under any rule, be contended that the vendee would not be entitled also to recover the amount expended for locating, surveying, &c., and if not under the allegations of the petition, this would be sufficient to sustain the jurisdiction of the court.

It has, however, been decided by this court that a certificate is personal property. (Randon v. Barton, 4 Tex., 289.) The measure of damages then is not that contended for by plaintiff, but it is the highest market value of the article sold at any time up to the time of the trial of the cause.

2. The court below regarded the plea to the jurisdiction, as plaintiff calls it, as a special exception to the petition, and merely presenting the same objection that had been urged under the general demurrer, and if that was properly overruled, the ruling upon it was also correct. But if it is to be regarded as a plea in abatement, the ruling of the court certainly worked no injury to the plaintiff in error. The court was fully authorized to treat it as a nullity. It was not filed in due order of pleading, nor does it contain the essential allegations of matters in abatement. The petition having alleged damages which, *prima facie*, gave jurisdiction to the court to have abated the suit, the plaintiff must have alleged in his plea that the allegation of damages was fraudulently made, for the purpose of giving jurisdiction to the court, which is not done in this case, and the plea should also have been sworn to. (Bridge v. Ballen, 11 Tex., 269.)

3. As we suppose it is a settled rule of the court, not to reverse a case for an error in the charge of the court when there is no statement of facts to enable the court to deter-

mine whether the error in the charge could have worked any injury, though we do not think from an inspection of the record that there is any valid objection to the charge. The first objection that is urged against the charge is, that the court gave an instruction to the jury upon an issue not presented by the pleadings. Whether or not, under the allegations of the petition, proof should have been received to establish vindictive damages is now an immeterial inquiry. The allegations of the petition authorize a recovery for the amount of damages given by the verdict, and if the evidence were before the court it might be shown that it fully sustained the verdict, and of course a charge, if there were no testimony to call for it, could not then affect the case.

But we presume, if a party permit testimony not strictly admissible under the allegations in the pleadings to go to the jury without objection, he could not object for the first time in this court, or after the judgment, that the court had given a charge appropriate to such testimony. The motion for a new trial shows that there was testimony before the court authorizing the charge complained of; and for aught that this court may know this character of testimony was drawn into the case by the course of defense and with the consent of the plaintiff.

The other objection to the charge of the court is equally untenable. Certainly the statute of limitation could not commence to run until after the damage has accured for the recovery of which the suit is brought, and this certainly did not occur until the certificate failed to effect the object of securing the land located by it. It is also to be borne in mind, that the warranty in the deed extends to the land to be located by virtue of the pretended certificate; and consequently, until there was an attempt to locate, the damage did not accrue.

WILLIE, J.—The appellee brought suit in the court

below against appellant, to recover damages for breach of warranty upon the sale of a certificate for six hundred and forty acres of land.    The petition alleges in substance, that the said Anding, appellant, for the consideration of $60 in cash, sold to Perkins, the appellee, the said certificate, which purported to have been issued on the 10th of January, 1840, by the land commissioners of Jasper county, to Timothy McGregor, and executed a deed of conveyance of the same, dated 26th September, 1849; and that in the said deed of conveyance he entered into covenants of warranty, and, in the sale of the same, held out the idea and representation that the certificate was genuine; that petitioner, believing these representations, purchased the said certificate for the price above stated, on the said 26th September, 1849; that he afterwards carried said certificate to be located upon public lands of Texas, and a survey of the same to be made, and the certificate and field-notes to be returned to the general land office on the 23d of June, 1857; and that the chief clerk of the land office declared and pronounced said certificate to be fraudulent, and indorsed a declaration to that effect upon the same; that by means thereof the said certificate failed to answer the end for which it was purchased, and became of no value; that at the time of the purchase, land certificates of this size were worth only $60, but had since risen in value, so as to be worth $640 at the time of filing the petition; that by reason of said certificate having proved a forgery, petitioner had experienced much difficulty in saving his said land, and had been compelled to purchase other land scrip and have the same located and surveyed at great expense and trouble; that by means of the facts set forth in the petition plaintiff had been damaged in the sum of $1,000; for which, and his costs, he prays judgment, &c.

The deed of conveyance, made part of the petition, shows, among other things, that the appellant sold to Perkins, for the consideration of $60, a land certificate, (No.

293, second class,) for six hundred and forty acres, the said certificate issued to Timothy McGregor by the board of land commissioners of Jasper county, and that he warranted and defended the above-described claim and land against himself, his heirs, executors, administrators, and assigns, unto the said Perkins, his heirs and assigns, and against the claim of all persons claiming from or under him, and from all other persons claiming the same.

The defendant filed a general demurrer to the petition, plead to the jurisdiction of the court, alleging that the amount in controversy was less than $100, and also plead a general denial, and that the cause of action accrued at the date of the sale of said certificate, and that more than two, and more than four, years having elapsed since that time, the claim was barred by limitation.

There is no statement of facts, and we have no means of knowing what was proved on the trial of the case. The court charged the jury, in effect, that if they believed from the testimony that the defendant sold to plaintiff a certificate which he knew to be fraudulent, he was liable to the plaintiff upon his warranty for the value of a genuine land certificate, and for vindictive damages for the fraud practiced upon him. That the plaintiff's cause of action accrued when the certificate was declared by the proper authority to be fraudulent; and that, if the action was commenced within four years from that time, it was not barred by limitation. There was a verdict for the plaintiff for $640, and judgment accordingly. A motion for a new trial by defendant, on the grounds that the verdict was against evidence, that the charge of the court was erroneous, that the court erred in not sustaining defendant's demurrer, and another cause not necessary to state, was overruled, and defendant brings the cause to this court, assigning for error the overruling of his demurrer and of his plea to the jurisdiction, the erroneous charge of the court, and the refusal to grant him a new trial.

There being no statement of facts sent up with the record in this case, we must presume, in support of the judgment, that everything was proved which could legally be proved under the issues. (Henderson v. Trimble, 8 Tex., 174.) Admitting, then, that all the allegations of the plaintiff's petition were fully sustained by the proof adduced upon the trial, the case against the defendant amounts to nothing more than that of a breach of warranty of soundness or quality upon the sale of a chattel. There is no allegation in the petition that any fraudulent representations were made by defendant at the time of the sale, or that he knew or believed that the land certificate was a forged or fraudulent one. The jury could not, therefore, have arrived at their verdict, unless they either allowed the plaintiff, as his measure of damages, the value, at the time of the commencement of the suit, of a genuine land certificate for six hundred and forty acres of land, or gave him vindictive damages, under the first instruction of the court. In either event the verdict and judgment were wrong, and must be reversed by this court.

Mr. Sedgwick, in his work on the Measure of Damages, after a thorough examination of the authorities, English and American, states the result of the cases to be, that in an action brought on a warranty, the true measure of damages is the difference between the value which the thing sold would have had at the time of the sale, if it had been sound or corresponding to the warranty, and its actual value with the defect; that the price is strong, but not conclusive, evidence of the value at the period first named. (Sedg. on Meas. Dam., 290, 291.)

This court held, in the cases of Anderson v. Duffield, 8 Tex., 237, and Scranton v. Tilley, 16 Tex., 183, that the measure of damages in such cases is the sum paid for the article, with interest from the time it was paid.

It can make no difference, in the case now under consideration, which of the above rules is adopted. The

xxix—23.

plaintiff was entitled to recover only $60, with interest thereon from the date of the purchase of the land certificate. That is alleged in the petition to have been the sum paid by him for the certificate, and also as its true value at the time of the purchase.

But the jury may have been misled by the charge of the court, and made up their verdict in part of vindictive damages, as in cases of fraudulent representations. Nothing of this kind is charged against defendant in the petition, and, of course, nothing of the sort could have been proved on the trial. However correct this charge may be as an abstract principle of law, it was inapplicable to this case, and calculated to mislead the jury, and therefore erroneously given.

In the case of Neill v. Newton, 24 Tex., 202, it was said, that it is not the ordinary practice of this court to notice the charge of the court below in the absence of a statement of facts. But where there were no pleadings to support the verdict of the jury, as where the petition does not disclose such facts as would entitle the plaintiff to recover punitory damages, and to the extent awarded by the verdict, the judgment would be reversed upon a charge which authorized the jury to find such damages. Upon the authority of this case, we are authorized to revise the charge given in the one now under consideration, and hold it erroneous, although no statement of facts is contained in the record.

That the charge of the court, in reference to the time when the statute of limitation begins to run, in cases like the present, was correct, has already been settled by this court. In Ripley v. Withee (decided at Tyler, in 1863,) [27 Tex., 14] it was held, that fraud, coupled with concealment from the plaintiff by defendant of the cause of action, would suspend the running of the statute, or entitle the plaintiff to an action upon the discovery of the fraud, or at such time as he might have done so by the use of rea-

sonable diligence; that this rule applied when the subject-matter was the warranty of a forged land certificate; that the ordinary diligence was when the proper land officer had decided the certificate to be a forgery; that although the vendor may have been ignorant of the forgery, there is, in the nature of the case, a concealment, and therefore a legal fraud. The exception to this charge of the court is therefore not well taken.

The plea to the jurisdiction was also properly overruled. (Tarbox v. Kennon, 3 Tex., 7; Austin v. Jordan, 5 Tex., 130.)

But for the error in the charge of the court, as above stated, and of the jury in rendering a verdict for excessive damages against the appellant, the judgment will be reversed, and the cause

REMANDED.

[MOORE, Chief Justice, having been of counsel, did not sit in this case.]