## J. J. DAVIS v. JESSE CALHOUN.

1. PRACTICE IN SUPREME COURT.—In absence of bill of exceptions the refusal of a continuance will not be revised.

2. Nor, in absence of statement of facts, will the charge of the court be revised, unless from the pleadings such charge necessarily was erroneous.

3. SEQUESTRATON—JUDGMENT.—In a suit for specific property seized by sequestration and replevied by the defendant, it is not error that the judgment was rendered for the value of the property against the defendant and his sureties, with privilege to the defendant to discharge the judgment by a surrender of the property.

ERROR from Anderson. Tried below before the Hon. John G. Scott.

Jesse Calhoun brought suit for the recovery of specific property, to wit, mill, engine, boiler, &c., purchased by Calhoun at sheriff's sale on judgment and execution against Davis, and valued at $1,000. Petition was filed July 1, 1872, and at the same time a writ of sequestration was obtained sequestering the property, and plaintiff asked judgment for damages and costs. The property was replevied by Davis with securities on replevin bond.

The charge of the court to the jury was in substance that if the evidence shows plaintiff bought the mill, &c., at sheriff's sale, as alleged, then he was entitled to a verdict for the amount of the value of the mill, &c. The jury found for the plaintiff, and assessed the value of the mill,

engine, &c., at $1,000. The decree of the court, rendered December 16, 1872, was that plaintiff, Calhoun," ecover of defendant, Davis, and his sureties on replevy bond, the sum of $1,000, as found by the jury, which may be discharged by the delivery to the plaintiff the property sued for, mill, engine, &c., as they were bound to do by their said bond, for which said sum and costs execution do issue."

An application for continuance appears in the transcript, but no action thereon is shown by bill of exceptions.

A motion by defendant for new trial was overruled.

No statement of facts or bills of exceptions appear.

Davis prosecuted his writ of error, and the assignment of errors sufficiently appears in the opinion.

*R. McClure,* for plaintiff in error, cited Love *v.* Wyatt, 19 Tex., 316; 16 Tex., 406; Hall *v.* Layton, 10 Tex., 59; 1 Chitty on Pl., 121; Robbins *v.* Walters, 2 Tex., 130; Cheatham *v.* Riddle, 8 Tex., 162; Horton *v.* Reynolds, 8 Tex., 284; Cloud *v.* Smith, 1 Tex., 618; Herrington *v.* Holman, 25 Tex. Supp., 259.

*Word & Word,* for defendant in error.

GOULD, ASSOCIATE JUSTICE.—In the absence of a bill of exceptions, the overruling of an application for continuance will not be revised. (Campion *v.* Angier, 16 Tex., 93; Johnson *v.* Brown, 25 Tex. Supp., 126.) So, there being no statement of facts, the charge of the court, unless it appear from the pleadings that it was necessarily erroneous, will furnish no ground for reversal. (Bast *v.* Alford, 22 Tex., 399; Fulgham *v.* Bendy, 22 Tex., 64.)

These rules, and the further rule that errors not assigned are considered to be waived, are sufficient to dispose of all the points presented in this case, with one exception. It is objected, and specified in the petition for writ of error, which is made to serve as an assignment of errors, that the judgment is not authorized by the pleadings, and does not

follow the statute, because it does not adjudge the property to the plaintiff, and in the event of failure to deliver, order execution for the value against defendant and sureties. The judgment is rendered against defendant and his sureties in his replevy bond for the value of the property sequestered and replevied, and then provides that the same may be discharged by the delivery of the property. The plaintiff, and perhaps the sureties of defendant, might complain of this judgment, but we do not see any error in it prejudicial to the defendant. As to the pleadings, we think the prayer for a writ of sequestration and for damages sufficient to support the judgment, which the statute itself requires to be entered up on the replevy bond, in case the suit is decided against defendant. (Pas. Dig., art. 5100.) The judgment is affirmed.

AFFIRMED.