Southern Kansas Railway Company of Texas v. J. R. Cooper.

Decided June 6, 1903.

**1.—Killing Live Stock—Railroads—Negligence.**

In order to recover for live stock killed by a train in a railroad yard where the company is not required to fence its right of way, negligence on the part of the company must be shown.

**2.—Same—Negligence for Jury.**

It was error for the court to charge that if the railway company maintained its stockyards and fencing in a stated way which was dangerous to stock this constituted negligence, as the question of negligence was one for the jury in view of all the surrounding circumstances.

**3.—Same—Evidence—Conclusion.**

It was error to permit witnesses to testify to their conclusion that the place where plaintiff's mule was killed by the train was "dangerous," and that it could be closed up by a fence constructed in a particular manner.

**4.—Same—Charge—Fencing Right of Way.**

A charge that if plaintiff's mule was killed at a point where defendant "had no right to fence in its right of way" then negligence must be shown, etc., was improper, and should have been to the effect that if the killing occurred at a point where defendant "was not required to fence" its right of way, then, etc.

**5.—Same—Value—Evidence.**

Whether the actual or the market value of the mule be considered as the measure of plaintiff's damages, the facts that the animal was well broken and a good lead mule were admissible in evidence.

Appeal from the District Court of Roberts. Tried below before Hon. B. M. Baker.

*H. E. Hoover* and *J. W. Terry,* for appellant.

*L. C. Heare,* for appellee.

SPEER, Associate Justice.—Appellee sued appellant and recovered judgment in the sum of $75 for the value of a mule alleged to have been negligently killed by the railroad company. The evidence shows that the animal was killed within the appellant's station grounds in the town of Miami, and at a place where it is not required by law to fence its right of way. Gulf C. & S. F. Ry. Co. v. Blankenbeckler, 13 Texas Civ. App., 249, 35 S. W. Rep., 331, and authorities cited. In such case it is incumbent upon the plaintiff to prove more than the mere killing; he must prove that it was negligently done. But this does not mean negligence of the train operatives alone, for any negligence of the defendant proximately causing the injury will suffice to establish liability. In this case the testimony tended to show negligence in the construction and maintenance of some stock pens and wing fences, forming what the witnesses denominate. a "pocket," that was dangerous to stock, and which was the occasion of appellee's mule being caught upon the track and killed. Negligence in this respect might be sufficient to show liability, yet the judgment in the present case must be reversed because of the manner in which the court submitted the issue of negligence to the jury, in the following charge:

"In this case the plaintiff has adduced evidence tending to show that the railway company in the establishment of its stock yards and fencing, or of fencing, has so arranged them as that horses may go into what has been termed by the witnesses as 'a pocket,' from which there are but two ways of egress, one of which is alleged by the plaintiff in his evidence to be the railway track. Now I instruct you that if, within the knowledge of the defendant company, such a place has been maintained by the company, and if you find this, and also find by a preponderance of the testimony that the same is dangerous to stock, to horses, and that they may be induced, on the passing of trains, to go across the railroad track, from such point, in an effort to escape trains, and should be killed thereby, that it would be negligence on the part of the railroad company in maintaining such a place at such a point."

Now it can not be said as matter of law that the maintenance by a railroad company of a "dangerous" place is negligence, and the court erred in so telling the jury in this instance. The jury should be left to determine this matter in view of all the surrounding circumstances. See Allen v. Frost, 31 Texas Civ. App., 232, 6 Texas Ct. Rep., 495, 71 S. W. Rep., 767. Every railroad crossing where the right of way is fenced forms a place or pocket into which horses may go, and "from which there are but two ways of egress, one of which is over the railway track," and such place is necessarily "dangerous to stock," which "may be induced on the passing of trains to go across the railway track from such point in an effort to escape trains and be killed thereby," yet

32 Civil—38.

no court could hold that this constituted negligence upon the part of the railway company. It would be so under the court's definition above.

It was also error to permit appellee's witnesses to testify to their conclusion that the place was a "dangerous" place for killing stock, and that the same could be closed up by a fence constructed in a particular manner. This was an invasion of the province of the jury. International & G. N. Ry. Co. v. Kuehn, 2 Texas Civ. App., 210, 21 S. W. Rep., 60.

In one portion of the charge the jury were told that if the animal was killed at a point at which the railway company "had no right" to fence in its right of way, then the testimony of the plaintiff must go further and show negligence, etc. This, if a charge upon that question was called for at all, should have been to the effect that if the killing occurred at a point where the railroad company "was not required to fence" its right of way, then the testimony of the plaintiff must go further as indicated in the charge. The jury would probably understand from this charge that although the company was not required by law to fence its right of way at this particular place, yet it had the right to do so, and a failure in this respect would render it liable for the killing, irrespective of other acts of negligence. But there is no occasion for a charge upon the duty of fencing the right of way if the evidence all shows the killing to have occurred within the switch limits or station grounds of appellant in the town.

The appellee was properly allowed to prove the qualities of his mule as affecting its value. Whether the actual or the market value be considered as the measure of damage, the facts that the animal was well broken and a good lead mule were admissible in evidence. See O. & M. Ry. Co. v. Stribling, 38 Ill. App., 17; R. & D. R. Co. v. Chandler, 13 So. Rep., 267.

We are not to be understood as holding that the train operatives having in charge the train which killed appellee's mule were not themselves negligent. Appellee testified that "the train came through like a bat out of hell," and while this language is probably highly figurative, it nevertheless might tend to indicate that the train was running at a very high speed. We simply express no opinion upon that branch of the case.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*