## GLENN LUMBER CO. v. QUINN.

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1911.)

1. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for an injury to an employé in a sawmill, instructions directing a verdict for the plaintiff if certain conditions were found to exist and certain things had been done, without reference to whether these conditions resulted from negligence, or whether the acts referred to constituted negligence, are charges on the weight of the evidence, and are improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–441; Dec. Dig. § 194.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction which specifically enumerates certain facts which the jury may consider in determining the issue of negligence is a charge on the weight of the evidence, and improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–441; Dec. Dig. § 194.*]

Appeal from District Court, Marion County; P. A. Turner, Judge.

Action by B. C. Quinn against the Glenn Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. T. Armistead, for appellant. Beard & Davidson, for appellee.

HODGES, J. The appellee was injured while in the employ of the appellant as a sawyer working at its sawmill. He sued to recover damages resulting therefrom, and in the trial from which this appeal is taken obtained a judgment.

This is the second time this case has been before this court. The first appeal was from an instructed verdict for the lumber company. This court affirmed that judgment but the Supreme Court reversed and remanded the case, holding that there was an issue of fact which should have been submitted to the jury. See Quinn v. Glenn Lumber Co., 118 S. W. 733, and same 126 S. W. 2. The facts of the case are sufficiently and clearly stated in the opinion rendered by Justice Levy on the former appeal, and will not here be repeated.

[1] Upon the last trial the court submitted to the jury the issues of fact upon which the appellee relied to establish negligence on the part of the lumber company. In addition to the main charge, the two following special charges were given at the instance of the plaintiff in the suit:

(1) "You are further instructed that if you believe from the evidence that the threads, by means of which the guide-pin was adjusted, had become worn so as to require packing of cloth, and that plaintiff did not know of this, and without plaintiff's knowledge same had been so tightly and closely packed that the guide-pin refused to move or respond to the pressure of the wrench in plaintiff's hand, and that this was the cause of the wrench slipping and of plaintiff's hand being caught in the saw and injured, then find for plaintiff. Again, if you believe that the packing around the guide-pin tightened the same and made it hard to move, and that this combined with

the defective round corners on the end of the guide-pin or with the defective condition of the wrench (if you find that either was so defective or round cornered) combined to produce the injury, then you will find for plaintiff, B. C. Quinn.

(2) "You are further instructed that because the servant knows of one defect he does not take the risk of another of which he has no knowledge, and, if both contribute to injure him, he is entitled to recover, if but for the unknown defect the injury would not have happened. So, if you find from the evidence that defendant's machinery was defective in more than one particular, as alleged in plaintiff's petition, and you further find that plaintiff knew of one or more such defects, but that these defects combined with others that he did not know of, and in the exercise of ordinary care could not have known of, together caused the injury, then you are instructed to find for plaintiff."

It will be seen that these instructions directed a verdict for the plaintiff if certain conditions were found to exist and certain things had been done by one of the employés of the company, without reference to whether those conditions resulted from negligence, or whether the acts referred to constituted negligence. We think the instructions were so manifestly upon the weight of the evidence that no discussion is necessary.

[2] We also think that paragraph 3 of the court's main charge was subject to the same objection. There the court undertook to specifically enumerate certain facts which the jury might take into consideration in determining the issue of negligence. That form of instructing a jury is considered improper. Railway Co. v. Kutac, 76 Tex. 478, 13 S. W. 327; Dupree v. T. & P. Ry. Co., 96 S. W. 647.

The remaining assignments are overruled.

For the errors indicated, the judgment of the district court is reversed, and the cause remanded.