TRINITY & BRAZOS VALLEY RY. CO. v. LUNSFORD.

(Court of Civil Appeals of Texas. Austin. June 11, 1913. Rehearing Denied Oct. 22, 1913.)

1. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In a switchman's action for personal injuries alleging that defendant permitted its track and roadbed to become so out of repair as to render it dangerous to plaintiff in the performance of his duties, without which his injury would not have occurred, the question of the negligence of defendant was for the jury, and a charge that, if defendant did not use ordinary care to keep its roadbed and track in proper and safe condition and permitted it to become so defective as to make switching thereon dangerous to employés, it would be negligent was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

2. TRIAL (§ 243*)—INSTRUCTIONS—CONTRADICTORY INSTRUCTION.

A jury cannot be required to harmonize conflicting charges, and, where such charges are given which may be material, the case will be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565; Dec. Dig. § 243.*]

3. APPEAL AND ERROR (§ 701*)—ABSENCE OF EXCEPTIONS—REVIEW.

In a switchman's action for personal injuries from a roadbed so defective as to make switching dangerous, a charge taking the question of negligence from the jury and declaring such condition to be negligence was so apparently erroneous as to leave no doubt but that it must have influenced the jury and may be reviewed even though the record contained no such statement of facts as could be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2933–2935; Dec. Dig. § 701.*]

4. MASTER AND SERVANT (§ 112*)—MASTER'S DUTY—RAILROADS.

It is a railroad's duty to use ordinary care to keep its roadbed and track in reasonably safe condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 212, 213, 218–223; Dec. Dig. § 112.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by James T. Lunsford against the Trinity & Brazos Valley Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

N. H. Lassiter, Robert Harrison, and R. M. Rowland, all of Ft. Worth, for appellant. Wroe & Geppert, of Teague, and Simkins & Simkins, of Corsicana, for appellee.

RICE, J.    This suit was brought by appellee against appellant to recover damages for personal injuries received by him while engaged as a switchman in the employ of appellant in its yards at Teague, when endeavoring to couple two box cars to a switch engine; the negligence relied upon for recovery being that appellant permitted its track and roadbed to become so out of repair as to render it dangerous to appellee in the performance of his duties as switchman and without which said injury would not have occurred. Appellant answered by general denial and pleas of contributory negligence and assumed risk. A jury trial resulted in a verdict and judgment in behalf of appellee for the sum of $15,000, of which $5,000 was remitted at the direction of the court, and the verdict permitted to stand for the sum of $10,000, from which judgment this appeal is prosecuted.

While various assignments of error are presented by the record, all of which have had our most careful consideration, yet it is deemed advisable to discuss only two of them, since, in our judgment, the first of these is determinative of the appeal.

[1] In the sixth paragraph of its main charge to the jury, the court gave the following: "You are hereby instructed that, if the defendant company failed to use ordinary care to keep its roadbed and track in proper and safe condition or caused or permitted same to become so defective and out of repair as to render the operation of switching thereon dangerous to its employés, this would be negligence." This charge is assigned as error on two grounds; the first being that the company was only required to use ordinary care to keep its roadbed and track in reasonably safe condition, whereas said charge imposed a greater obligation, requiring the company to use ordinary care to keep the roadbed and track "in proper and safe condition." Second. Said charge was upon the weight of evidence and invaded the province of the jury in that it told them it would be negligence on the part of the defendant to cause or permit its roadbed and track to become so defective and out of repair as to render the operation of switching thereon dangerous to its employés instead of leaving it to the jury to say whether or not such would be negligence under the circumstances.

The question of negligence vel non is one of fact for the determination of the jury, and it is error for the court to state that certain facts or group of facts constitute negligence. See Railway Co. v. Cooper, 32 Tex. Civ. App. 592, 75 S. W. 328; Glenn Lumber Co. v. Quinn, 140 S. W. 863. The first case cited was a suit against a railway company for the killing of a mule; plaintiff having alleged that on the station ground at the town of Miami the defendant had negligently constructed certain fencing in such a way as to create a "pocket" adjacent to the track, thereby making the places dangerous for ani-

mals. On this phase of the case the court charged the jury as follows: "Now I instruct you that if, within the knowledge of the defendant company, such a place has been maintained by the company, and if you find this and also find by a preponderance of the testimony that the same is dangerous to stock, to horses, and that they may be induced, on the passing of trains, to go across the railroad track from such point in an effort to escape trains and should be killed thereby, it would be negligence on the part of the railroad company in maintaining such a place at such a point." The court in discussing this charge used the following language: "Now it cannot be said as a matter of law that the maintenance by a railroad company of a 'dangerous' place is negligence, and the court erred in so telling the jury in this instance. The jury should be left to determine this matter in view of all the surrounding circumstances."

In Glenn Lumber Co. v. Quinn, supra, where the appellee sued for damages sustained while working as a sawyer at a sawmill, the jury were in effect told if certain conditions were found to exist and certain things had been done, without reference to whether these conditions resulted from negligence or whether such acts referred to constituted negligence, then to find for the plaintiff. This was held to be error, for the reason that the question of negligence was not submitted for the determination of the jury, and that the charge was upon the weight of the evidence. See Boldt v. San Antonio Traction Co., 148 S. W. 831. Numerous other authorities might be cited, if necessary, to sustain appellant's contention in this respect.

[2] Appellee contends, however, that in another paragraph of its charge the court left to the jury to say whether or not permitting the track to become unsafe would be negligence. But, if this be granted, it left a conflict between two different portions of the charge; and, as said by Mr. Chief Justice Brown in Railway Co. v. Sage, 98 Tex. 438, 84 S. W. 814: "A jury cannot be required to harmonize conflicting charges." "When contradictory charges are given which may be material, the case will be reversed. Railway Co. v. Robinson, 73 Tex. 284, 11 S. W. 327.

[3] We think the charge complained of constitutes reversible error, even though it be conceded that no such statement of facts accompanied the record as can be considered by us, because while it is held in Texas & Pacific Ry. Co. v. McAllister, 59 Tex. 349, and numerous other cases there cited, that the court will not revise an erroneous charge in the absence of a statement of facts, still this case recognizes that there is an exception to such rule, saying: "Where the charge given, taken in connection with the pleadings and the verdict, is so apparently erroneous as to leave no doubt but that the finding of the jury must have been controlled by the im-proper instruction," then the same will be revised on appeal. See McGaughey v. Bendy, 27 Tex. 534; Freiberg v. Lowe, 61 Tex. 436; Anding v. Perkins, 29 Tex. 352; Davis v. Calhoun, 41 Tex. 554; Ross v. McGowen, 58 Tex. 607; Neill v. Newton, 24 Tex. 202.

In Neill v. Newton and Anding v. Perkins, supra, it was held that, where the petition contained no allegation upon which a recovery could be had for exemplary damages, a verdict for such damages would be reversed, notwithstanding there was no statement of facts in the record.

In 2 Cyc. 1076c, it is said: "Where the error sought to be remedied appears upon the record, the party aggrieved may avail himself of it on appeal or writ of error, without bill of exceptions, case, statement, or other statutory remedy; but rulings and decisions of the lower court, the correctness of which cannot be determined from the record proper, must be made a part of a transcript by bill of exceptions, case, statement of facts, or other modes prescribed by statute in order to their review by the appellate court"— citing many cases in the notes in support of the text, among others Neill v. Newton, supra.

It is said in Freiberg v. Lowe, supra, as shown by the syllabus, that, "in the absence of a statement of facts, a case will not be reversed on a charge of the court below, unless it would have been glaringly erroneous under any state of facts that could exist under the pleading."

In the present case it is apparent from the record that plaintiff relied wholly for recovery upon the alleged negligence of appellant in allowing its roadbed and track to become so defective and out of repair as to render it dangerous to him in the performance of his duty. It is also apparent, as shown by the charge, that the court was endeavoring to submit this issue for the consideration of the jury. If the trial judge had thought that this alleged neglect of duty was so gross as to constitute negligence as matter of law, then it became his duty to instruct a verdict for plaintiff. But it is evident from the record that he did not entertain such belief but on the contrary saw proper to submit the question of negligence to the jury; and in attempting to do so he has fallen into the error above referred to. Under the authorities, we think this error was so glaring and patent from the whole record as to leave no doubt but that the finding of the jury must have been influenced by it, for which reason we sustain this assignment.

[4] We also believe the court erred as urged in the seventh assignment in telling the jury in the sixth paragraph of its charge that the defendant was required to use ordinary care to keep its roadbed and track in proper and safe condition. They should have been told that it was the appellant's duty to use ordinary care to keep said road-

bed and track in reasonably safe condition. See Railway Co. v. Eddings, 139 S. W. 902; Bering Mfg. Co. v. Peterson, 28 Tex. Civ. App. 194, 67 S. W. 133. In the latter case the court said: "The rule, as generally stated, is that a master has discharged his duty to his servant when he exercises ordinary care to furnish him a reasonably safe place to work and reasonably safe appliances to work with and has exercised ordinary care to maintain them in a reasonably safe condition." See, also, Labatt on Master and Servant, vol. 1, § 22a; 26 Cyc. p. 1106, subd. 2. We only call attention to the error last noticed so that it may not recur on another trial.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.