HOUSTON & T. C. R. CO. v. LINDSEY et al.
(No. 5438.)

(Court of Civil Appeals of Texas. Austin. Feb. 3, 1915. Rehearing Denied March 17, 1915.)

1. APPEAL AND ERROR ⟨⟩1053 — HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

Where, in an action against a terminal carrier for delay and rough handling of cattle, the court charged that the carrier was only responsible for damages occasioned by its own negligence, there was no error in permitting the shipper to prove the appearance and condition of the cattle at the initial point and at destination, without first showing their condition when received by the terminal carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. ⟨⟩ 1053.]

2. EVIDENCE ⟨⟩543½—OPINION EVIDENCE— COMPETENCY OF WITNESS.

One who has had considerable experience in shipping cattle, and who has made many shipments from one point to another, may express his opinion as to the condition of cattle at destination caused by delay and rough handling.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. ⟨⟩ 543½.]

3. EVIDENCE ⟨⟩501—OPINION EVIDENCE—AD-MISSIBILITY.

Where, in an action against a terminal carrier, the shipper sought to recover for injuries to the cattle by reason of the insufficiency of the pens in size, at the point of delivery to the terminal carrier, and he detailed the facts as to the pens, stating that he and the agent of the terminal carrier had looked at the pens and that the agent had wired to the carrier's officials that the pens were not large enough to hold the ship-

ment, but that the agent was told to put them into the pens, and that the cattle were unloaded into the pens and so crowded as to prevent them from eating or resting, it was proper to permit him to testify that the cattle were injured by reason of the insufficiency of the pens.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. ☞501.]

4. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

Where testimony proving a fact was received without objection, error in admitting evidence to prove the same fact was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

5. CARRIERS ☞229—CARRIAGE OF LIVE STOCK —DELAY AND ROUGH HANDLING—MEASURE OF DAMAGES.

The measure of damages for live stock injured by rough handling and delay in transportation is the difference between the market value of the stock in the condition it was delivered and what the market price would have been at destination if proper care had been exercised, though the stock was shipped for pasturage only.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. ☞229.]

6. TRIAL ☞194, 244—INSTRUCTIONS—WEIGHT OF EVIDENCE—UNDUE PROMINENCE TO EVIDENCE.

In an action for delay and rough handling during transportation of cattle shipped for pasturage, an instruction that, if the cattle were not shipped for market, but for pasturage, and they were put on good grass with water and recovered any loss in weight or shrinkage, the same should be considered in determining the damages, if any, was properly refused, as on the weight of the evidence and as singling out a part of the evidence and giving undue prominence thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446, 454, 456–466; Dec. Dig. ☞194, 244.]

7. CARRIERS ☞228—CARRIAGE OF LIVE STOCK —DELAY AND ROUGH HANDLING—DAMAGES —MITIGATION.

A carrier, guilty of delay and rough handling in transporting cattle for pasturage, may show that the cattle, though injured during transportation, soon recovered as bearing on the damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ☞228.]

8. TRIAL ☞253, 260—INSTRUCTIONS—IGNORING ISSUES—COVERED BY CHARGE GIVEN.

Where, in an action against a terminal carrier for delay and rough handling of cattle during transportation, the shipper demanded a recovery for injuries caused by insufficiency of pens into which the cattle were unloaded at the point of delivery to the terminal carrier, and the court charged that the carrier was only required to use ordinary care, a requested charge that if the employés of the initial carrier at the point of delivery to the terminal carrier used ordinary care in caring for the cattle, then on the issue as to the handling of the same at that point the finding should be for the terminal carrier was properly refused because covered by the charge given, and because ignoring the issue of the insufficiency of the pens.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623, 651–659; Dec. Dig. ☞253, 260.]

Appeal from Llano County Court; A. H. Wilburn, Judge.

Action by J. E. Lindsey against the Houston & Texas Central Railroad Company and another. From a judgment for plaintiff against defendant named, the latter appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Garrett & Garrett, of Austin, for appellant. J. H. McLean, of Llano, for appellees.

RICE, J. This suit was brought by appellee Lindsey against the appellant and the Gulf, Colorado & Santa Fé Railway Company, to recover damages alleged to have been sustained by him to a shipment of 140 head of cattle from Ft. Worth to Llano, on the 11th of November, 1913, on account of delay, rough handling, and causing the same to be unloaded and held in insufficient pens at Lampasas. Appellant answered by general denial, and specially that said shipment was delivered to it by the Santa Fé Company at Lampasas at about 5:30 o'clock p. m. on November 12, 1913, and that according to its regular published schedule, known to plaintiff, it had no train leaving Lampasas for Llano until the early morning of November 13th, whereby it became necessary to unload, feed, and water said cattle, which was done by it at Lampasas, where the same were given reasonable care and attention; that the cattle were reloaded next morning, and taken from thence to Llano on its regular train, and delivered to plaintiff in good condition. A jury trial resulted in a verdict and judgment in favor of the Gulf, Colorado & Santa Fé Company, for which reason it is unnecessary to state its pleadings, but against appellant in favor of appellee Lindsey for the sum of $280, from which this appeal is prosecuted.

[1] We do not think any error was committed in permitting appellee to prove the appearance and condition of the cattle at Ft. Worth, as well as their appearance and condition when received at Llano, without first showing their condition at Lampasas, where they were received by appellant from the Santa Fé Company, since the court expressly charged the jury that the appellant was only responsible for damages, if any, occasioned by its own negligence.

[2] Nor do we think there was an error committed in permitting plaintiff to testify that the cattle were in worse condition when they reached Llano, the point of destination, than they would have been had they been transported in the usual and ordinary way, because it appears that he was a cattleman, having had considerable experience in shipping cattle, having made many shipments from Llano to Ft. Worth over the lines of railways in question, and therefore was qualified to express his opinion. Besides this, it appears that other testimony of the same import was admitted without objection.

[3] The cattle were unloaded and kept all

night in the railway pens at Lampasas. The plaintiff testified, over appellant's objection, that the cattle were injured by reason of the pens being insufficient in size. It is urged by appellant that the court erred in permitting the witness to express his opinion as to the sufficiency of the pens, claiming that this was a matter wholly for the determination of the jury under the facts, citing Railway v. Slator, 102 S. W. 156; Railway v. Cage Cattle Co., 95 S. W. 705; Railway v. Cooper, 32 Tex. Civ. App. 592, 75 S. W. 328. While in the Slator Case it was ruled that evidence of this character was inadmissible, still that case and the other cases cited are distinguishable from this in that in the present case the witness, before expressing his opinion, detailed the facts as to the sufficiency of the pens, stating, among other things, that he and the agent of the company went out to look at the pens, and upon their return the agent himself wired appellant's officials that the pens were not large enough to hold the bunch of steers, but they told him to put them in there anyway, whether it would hold them or not; that the cattle were unloaded into pens about 40 or 50 feet square, very small; that the cattle were crowded into the pens, were unable to eat and rest, and had no room to lie down. We think it is unquestionably the law that a nonexpert witness is allowed to express his opinion, when in so doing he at the same time details the facts and circumstances upon which the same is based. See Gulf, Colorado & Santa Fé Ry. Co. v. Richards, 83 Tex. 203–205, 18 S. W. 611; American Construction Co. v. Caswell, 141 S. W. 1013–1017; American Const. Co. v. Davis, 141 S. W. 1019; M. B. of America v. Jordan, 167 S. W. 794, 795; Guerra v. S. A. S. P. Co., 163 S. W. 669; Johnson v. Griffiths & Co., 135 S. W. 683; St. L. & S. F. Ry. Co. v. Sizemore, 53 Tex. Civ. App. 491, 116 S. W. 403–408; S. A. & A. P. Ry. Co. v. Barnett, 27 Tex. Civ. App. 498, 66 S. W. 474.

[4] Even if appellant's contention were true, the admission of such evidence was harmless, because similar testimony, without objection, was admitted. For which reasons we overrule the third assignment.

[5-7] These cattle were stock cattle, shipped for the purpose of placing them upon pasturage. There was testimony to the effect that they were hooked up, damaged, and injured by reason of the delay en route and placing them in insufficient pens at Lampasas; also that many of them were foot-sore, stiff, badly drawn, and scarcely able to travel upon their arrival at destination. There was also testimony to the effect that some of the cattle recuperated in a short time after they were placed upon pasturage, while others did not get well for quite a while, and some did not get over their injuries entirely. In this connection appellant requested, and the court refused to give, its special charge No. 6, wherein the jury were instructed that if they should find from the evidence that the cattle were stock cattle, and not shipped for market but for pasturage, and should believe and find from the evidence that said cattle were put on good grass, with water, and further find that they afterwards recovered any loss in weight or shrinkage, they were authorized to take such fact into consideration in estimating any damages, if any, which they should find plaintiff sustained; and the refusal of this charge is assigned as error, citing Quigley v. Railway, 142 S. W. 633; Railway v. Godair, 3 Tex. Civ. App. 514, 22 S. W. 777; Railway v. Shank & Deen, 167 S. W. 1093. It is now well settled, we think, that the measure of damages to a shipment of this character is the same, irrespective of whether they are shipped for pasturage or to be placed upon the market; that is, the difference between their market price in the condition they were delivered, and what their market price would have been at destination if proper care had been exercised during their shipment. See M., K. & T. Ry. Co. v. Golson, 133 S. W. 456, and authorities there cited; also Missouri, K. & T. R. Co. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; M., K. & T. Ry. Co. v. Mulkey & Allen, 159 S. W. 111–114. In such cases, however, the carrier has a right to show, if such be the fact, that the cattle, although injured en route, soon thereafter recovered from their injuries, so that the jury could properly estimate the amount of damages sustained. But while this is true, we do not think this authorized or required the court to give the requested charge, for the reason that it is on the weight of the evidence, and because it singles out a part of the evidence and gives undue prominence thereto. In discussing a similar question in M., K. & T. Ry. Co. v. Mulkey & Allen, supra, where proof was offered tending to show the condition of the cattle at the time of their arrival, as well as subsequent improvement in their condition, Mr. Justice Rasbury said:

"As we understand it, these are inquiries going to prove or disprove the actual damage, and may be, and doubtless were, considered by the jury in the instant case; but we do not understand that proof of such matters is authority for the court to suggest to the jury in its charge that such facts have been proven and may be considered by the jury in estimating the actual loss. Their admission in evidence is the warrant for their consideration, but the court may not single out that particular fact, and especially direct the attention of the jury to the fact that that particular testimony may be considered. The rule is that the actual loss is recoverable, and what the actual loss is, is a question to be determined by the jury from all the facts taken and considered as a whole, without special reliance on any particular fact or circumstance. Railway Co. v. Word, 51 Tex. Civ. App. 206, 107 S. W. 753."

While the case of Quigley v. Railway, supra, seems to authorize the giving of the charge in question, and indicates that its refusal was error, still we are not prepared

to follow it, and believe that the better doctrine is the one announced by Mr. Justice Rasbury, as above mentioned, for which reason we hold that the court did not err in refusing to give the requested charge, and therefore overrule the fourth assignment.

[8] The fifth assignment urges that the court erred in failing to give appellant's special charge No. 7, as follows:

"If the jury believe that the employés of the Houston & Texas Central Ry. Co. at Lampasas used ordinary care as defined to you, in caring for said cattle at Lampasas, then on the issue as to the handling of the same at said point you should find for said defendant."

—insisting that said charge specially submitted the issue of negligence vel non in the handling and' care of the cattle by appellant at Lampasas, for which reason the court erred in refusing same, this issue not having been submitted in the main charge, defendant having pleaded that the cattle were given proper care and attention at Lampasas, supporting such pleading by proof. We do not think there was any error in refusing this charge, because, if submitted, it would have ignored the question of the insufficiency of the pens in which the cattle were unloaded, and, further, because the court in its general charge had covered the feature of the case with reference to the care required on the part of appellant in handling said shipment, telling the jury, in effect, that appellant was not required to use any higher degree of care or diligence than that of ordinary care.

The remaining assignments relate to the insufficiency of the evidence to support the verdict, which was a question, we think, entirely for the determination of the jury; and as there was evidence upon which the jury could have predicated their verdict, we are not willing to set the judgment aside.

Believing that the court committed no reversible error upon the trial, its judgment is in all things affirmed.

Affirmed.