**ROBINS et al. v. CONNOLLY.**
(No. 8625.)

(Court of Civil Appeals of Texas. Dallas. April 8, 1922. Rehearing Denied May 6, 1922.)

1. **Master and servant** ⬅➡246(4)—**Injuries in emergency actionable.**

If an employer calls upon an employé suddenly to extricate his property from peril under circumstances allowing no time for consideration, and the employé acting in compliance with the positive orders, is injured, he can recover for such injuries if they are received altogether because of the emergency, unless the act to be done is obviously so dangerous that a man of ordinary prudence would not have obeyed the order.

2. **Master and servant** ⬅➡256(1)—**Ground of recovery must be pleaded.**

Ordinarily, any ground of recovery for injuries to a servant must be pleaded.

3. **Master and servant** ⬅➡258(21)—**Allegations held insufficient to charge actionable injury by act in emergency without sufficient help.**

In an action by a section hand for injuries received in removing a hand car from the track, allegations of petition held not sufficient to charge that plaintiff was injured because the foreman ordered him to act in an emergency without sufficient help, which caused the injuries, in view of allegations that "the injuries were caused by and were due to" defendants' negligence in failing to furnish adequate assistance to lift the hand car, and that plaintiff was inexperienced, etc.

4. **Trial** ⬅➡191(10), 253(4)—**Instruction on liability for injuries received in emergency held erroneous, as assuming negligence, and omitting issue.**

In an action by a section hand, who was injured in lifting a hand car from the track when a train was approaching, instruction held defective as submitting issue of whether plaintiff discovered the train coming, and, acting under the order of the foreman, suddenly, in an emergency, without having time to think whether it would injure him or not, assisted in lifting the hand car, and omitting to charge the jury to consider the question of whether or not the foreman acted negligently in giving the order and assuming that the facts charged upon constituted negligence as a matter of law.

5. **Master and servant** ⬅➡286(27)—**Order to lift hand car held not negligence per se.**

In action by section hand for injuries received in assisting in lifting a heavy hand car from the track in an emergency when a train was approaching, act of foreman in ordering him to remove the car without time to think held not negligence per se.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by G. L. Connolly against J. W. Robins, receiver, and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. E. Prince, of Corsicana, and Thompson, Barwise, Wharton & Hiner and F. B. Walker, all of Fort Worth, for appellants.

W. J. Weaver, J. S. Simkins, and Richard Mays, all of Corsicana, for appellee.

HAMILTON, J. This is an action by an employé against his employers to recover for personal injuries. On December 10, 1918, appellee was engaged in work as a railroad section hand on the T. & B. V. Railroad between Teague and Kirvin, and on that date the injuries were alleged to have occurred. The case was tried before the court and a jury, and resulted in the recovery of a judgment for $8,000, from which the appeal is prosecuted.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

All the assignments of error except one relate to and complain of the charge of the court. The one assignment of error which is not directed against the charge assails the verdict on the ground that it is excessive.

The appellee, plaintiff below, alleged that at the time of the alleged injuries he was working by virtue of a contract of employment for appellants as a section hand on the roadbed of appellants' railroad between Teague and Kirvin; that on the date he received the alleged injuries he, with other members of the section crew, under the direction of the foreman, had pushed a hand car out of the car barn upon the main track of the road, and, while the crew was pushing it along the track, a freight train suddenly appeared, "coming at a good rate of speed"; that the foreman thereupon ordered appellee and the two other members of the section crew immediately to remove the hand car from the main line and place it on a side track in order to prevent its being knocked off the main line or to prevent some other material damage. He alleged that the hand car was loaded with heavy tools; that he and the other two members of the crew, in obedience to the foreman's order, removed the hand car from the main line, and that when they did so the train was almost upon them, so that the hand car had to be removed instantly, and that appellee had no time to consider or determine whether or not the lifting of the hand car would overtax his strength.

Immediately following that part of the petition in which are found allegations summarized by us to the above effect, appellee describes the injuries he suffered as the result of his participating in lifting the hand car from the track under the orders of the section foreman, and the section of the petition containing the description of the injuries alleged is immediately followed by allegations of negligence and liability as follows:

"Plaintiff says that his injuries were caused by and were due to the negligence of the defendants, their agents, servants, and employés in failing to furnish adequate assistants and a sufficient force to lift said hand car loaded with work tools from the railway track of said railway company; that plaintiff was inexperienced in such things, and knew nothing of the danger of such undertaking, and was wholly ignorant of the weight of a hand car loaded with tools, or of the weight of the particular car in question when loaded with tools and of the number of men required to lift said hand car loaded with tools from the said railway track of said railway company, and that the defendants, their foreman, agents, servants, and employés, knew of the danger of such undertaking, and negligently failed to provide an adequate and sufficient number of men to handle safely said hand car loaded with tools, whereby plaintiff says that he was injured as hereinbefore alleged."

The foregoing is an accurate statement of those parts of the petition designed to allege grounds of liability.

The first and second assignments of error assail the fourth paragraph of the court's charge. The fourth paragraph of the charge is as follows:

"You are instructed that if you find from a preponderance of the evidence on this trial that on December 10, 1918, plaintiff, G. L. Connolly, was employed as a section hand working for defendants, and that when train No. 201 was discovered suddenly approaching the place where he and others were, at or near Simsboro, the section foreman under whom plaintiff was then working, instructed plaintiff and two others to immediately remove a hand car loaded with tools from the main line onto the side track; and if you find that defendants had failed to provide adequate and sufficient force and assistance to lift and remove said hand car from the main line onto the side track; and if you find that this conduct of defendants and of their section foreman was negligence, and if you find that, acting under said order of said section foreman, and not acting voluntarily in the exercise of his own discretion, plaintiff took hold of and assisted in removing said hand car from the main line onto the side track, and at the time he did so did not have knowledge that said hand car so loaded with tools would overtax his strength; OR, if you find that, when plaintiff discovered train No. 201 suddenly and rapidly approaching, he thought there was an emergency, and that it was necessary to immediately remove said hand car from the main line onto the side track, and he had no time to reflect and determine whether the lifting of same would be beyond his strength, but, acting under the orders of said section foreman he assisted in lifting and removing said hand car from the main line onto the side track; and, if in either such event you find that as a proximate cause thereof plaintiff's strength was overtaxed, and he was injured in his back, spine, hips, groins, or muscles, or his power of locomotion has become impaired, or he has been permanently injured— then you will find for plaintiff against all of the defendants."

The first assignment of error is to the effect that the court erred in submitting to the jury the liability of appellants under the issue of whether or not appellee suddenly discovered the train rapidly approaching, and, acting under the section foreman's peremptory order in an emergency which he thought rendered it necessary immediately to remove the hand car, and without taking time to reflect as to whether he would be injured or not, assisted in lifting the hand car from the track under those circumstances. The part of the charge in this respect objected to is that portion of section 4 following the capitalized word "OR." The ground of the objection to the charge embodied in this assignment of error is that such issue was not raised by the allegations of the petition. To say the least, it is a matter of grave doubt with us as to whether or not this criticism

of the charge is well founded. A reading of those portions of the petition in their entirety which charge grounds of liability, it occurs to us, might be said to reveal the exclusive pursuit of recovery based upon negligent failure to provide sufficient help.

[1, 2] Appellee replies to the propositions advanced under the first assignment of error by saying that the pleadings disclosed an emergency in which appellee acted under the orders of the foreman, and that, such being the allegation, the pleading is quite sufficient to authorize this particular portion of the charge. Certainly, if an employer calls upon an employé suddenly to extricate his property from a perilous situation under circumstances which allow no time for reflection and consideration, and the employé thereupon acts in compliance with the employer's positive orders given in such situation, and receives injuries in complying with them, he is entitled to recover for the damages for such injuries, provided they are received altogether because of the situation involved in the emergency, unless, of course, the doing of the thing required to be done is obviously so dangerous that a man of ordinary prudence would not have obeyed the order. But, any ground of recovery ordinarily must be pleaded.

[3] It is very doubtful to us that the allegations are sufficient to charge in this case that appellee was injured because the foreman ordered him to act in an emergency without sufficient help to meet such emergency, and that the harm was done because of the emergency itself. And, further, that the order was wrongfully given at the time merely because the manner of doing the work in the existing situation was more perilous than it would have been under ordinary circumstances. Taking the allegations descriptive of the emergency and the order given in the face of it and the acts done pursuant to the order separate and apart from all other portions of the petition, we believe it would require a strained construction to give them the force of charging liability.

Furthermore, we think the purpose of appellee not to rely for recovery upon the fact that the injury was received while acting upon an order given in an emergency is revealed in the allegations contained in the third paragraph of the petition above copied. It seems to us that a fair construction of the petition is calculated to disclose that specific and exclusive grounds of recovery, for the injuries received are presented to the court in the 3d section of the petition.

Looking to the language of this last-named section the following positive allegations, in effect, are found: *That the injuries were caused by and were due to* appellants' negligence in failing to furnish adequate assistance and a sufficient force to lift the hand car loaded with tools from the railroad track; that appellee was inexperienced, not knowing of the danger of the undertaking, and was wholly ignorant of the weight of the hand car and the number of men required as a matter of prudence to lift it, and that appellants, their foreman, etc., knew the danger of such an undertaking, and negligently failed to provide an adequate and sufficient number of men to handle safely the hand car loaded with tools, and that by reason of such facts the alleged injuries were caused. More careful pleading with reference to clearness and fullness would obviate any such question as this assignment of error presents.

[4] Conceding that we should entertain a more indulgant view of the allegations of the petition which would induce us to overrule the first assignment of error, still we think that when we approach the second assignment of error we are confronted with an insurmountable barrier to an affirmance of the case. The second assignment of error and the propositions thereunder present for consideration the objection that the latter portion of paragraph 4 of the charge is defective because in it the court submitted the issue of whether or not the appellee discovered the train coming, and, acting under the order of the foreman, suddenly, in an emergency, without having time to think whether it would injure him or not, assisted in lifting the hand car; the court omitting to charge the jury to consider the question of whether or not the foreman acted negligently in giving the order, but by the terms of the charge assumed that the facts charged upon constituted negligence as a matter of law. This portion of paragraph 4 of the charge presents a separate, distinct, and complete issue, and presents a ground of recovery wholly uncorrelated to that embodied in the preceding part of it.

[5] We think it manifest that the vice pointed out under the second assignment of error exists, and for that reason the judgment cannot be sustained. It was for the jury to determine, notwithstanding their findings of facts on this issue against appellants, that such facts constituted negligence, before they could resolve their finding on the facts into a conclusion to be expressed by their verdict. The court could not assume that the facts therein set forth constituted negligence as a matter of law. The foreman's conduct involved no violation of law, and it cannot be said that it was so outrageously reckless and imprudent as to constitute negligence per se. Whether or not it was negligence was therefore a question of fact for the jury to pass upon, and, accordingly, was a question necessarily to be embodied in the last section of paragraph 4 of the charge. T. & N. O. R. R. Co. v. Buch, 101 Tex. 200, 105 S. W. 987; Glenn Lbr. Co. v. Quinn (Tex. Civ. App.) 140 S. W. 863; T.

& B. V. Ry. Co. v. Lunsford (Tex. Civ. App.) 160 S. W. 677.

Appellants complain that the charge of the court should have been modified in certain respects not necessary to mention, because of the fact that appellee was engaged in interstate commerce at the time the injuries were received, and accordingly the federal Employers' Liability Act was applicable. It is true that appellee was engaged in interstate commerce, under the authorities, at the time the injuries were received, but this circumstance does not justify the criticisms of the charge made by appellant in relation to the fact of appellee's being engaged in interstate commerce.

The objections presented by appellants to the charge of the court on contributory negligence and assumed risk are clearly without merit. The charge of the court on these features we think was clear, comprehensive, and accurate.

The complaint that the verdict of the jury was grossly excessive is altogether without merit. Appellants have not pointed out any evidence which sustains the complaint that it was excessive, and no valid reason is given for the complaint to that effect.

We have carefully examined all of the assignments of error, and have considered them in the light of the propositions advanced and the authorities cited by the respective parties. It is unnecessary to engage in a specific discussion of any of them beyond the extent to which we have discussed the first and second. All the others, being without merit, are overruled.

The judgment is reversed, and the cause is remanded.